MICHAEL FLANNERY*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 22, 1906—Rehearing denied Feb. 8, 1907.*

1. INJUNCTION—*capacity of a complainant to sue must be questioned by demurrer or motion to dissolve.* The question of the capacity of the complainant, a voluntary association, to maintain a bill for injunction must be raised by demurrer or by a motion to dissolve the injunction.

2. SAME—*when defect in a bill is in form and not in substance.* Filing a bill for an injunction in the name of a voluntary association after each member had affixed his signature and seal to a statement attached to the bill consenting and requesting that the bill be filed, instead of stating in the body of the bill that it was filed in behalf of such members, is a defect of form rather than of substance, and does not sustain the contention, in a subsequent contempt proceeding for violating the injunction, that the injunction proceeding was void for want of a valid bill of complaint.

3. CONTEMPT—*defendant cannot urge that the order of court he violated was erroneous.* In a contempt proceeding for violating an order of court the defendant can attack the order only in so far as he may show that it is absolutely void and not merely erroneous.

4. SAME—*contempt proceeding may be begun by petition or affidavit.* A proceeding for contempt in violating an injunction may be begun either by a petition or affidavits bringing the matter to the attention of the court; and a petition is not rendered insufficient because the affidavit, which states that the affiant has read the petition and knows its contents, concludes with the statement that the affiant verily "believes" the same to be true.

5. SAME—*proof of guilt "beyond a reasonable" doubt is not essential.* A contempt proceeding for violating an injunction is of a civil nature, and, notwithstanding the acts charged may be of such a nature as to be punishable as crimes in a proper proceeding, the rule of evidence in civil cases is the test of the degree of proof necessary to establish the fact of the violation of the injunction, and proof "beyond a reasonable doubt" is unnecessary.

6. SAME—*when punishment for contempt is not a violation of constitutional rights.* Punishment for contempt, in a proceeding instituted in the proper court and tried in conformity with the prac-

---

*With this case are decided the following cases: 4989, *Shea* v. *People;* 4890, *Woerner* v. *People;* and 4891, *Brown* v. *People.*

tice and forms of law in such cases, for violation of an injunction issued by a court having jurisdiction of the parties and the subject matter, is not a deprivation of liberty or property without due process of law.

SCOTT, C. J., and FARMER, J., dissenting.

APPEAL from the Appellate Court for the First District;— heard in that court on writ of error to the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

BARNUM, POLLASKY & GILBERT, for appellants.

TENNEY, COFFEEN, HARDING & WILKERSON, (HORACE KENT TENNEY, and JAMES H. WILKERSON, of counsel,) for the People.

Mr. JUSTICE WILKIN delivered the opinion of the court:

These appellants were found guilty of contempt for violating a writ of injunction in the superior court of Cook county and punishment adjudged against each of them, as follows: Charles F. Woerner three months in the county jail and fined $250; John M. Shea six months in jail and fined $100; Harry Brown forty days in jail, and Michael Flannery thirty days in jail. To reverse these judgments they prosecuted writs of error from the Appellate Court, where the several cases were heard together and the judgments of the superior court affirmed. This appeal is from that judgment of affirmance, and the cases have here been consolidated and again submitted together.

The bill upon which the injunction was issued with the violation of which these appellants are charged, is the same bill and writ which was before us in *Franklin Union* v. *People,* 220 Ill. 355, where a statement of the material facts applicable to the present appeal will be found.

The petition for the rule on appellants to show cause was filed December 23, 1904, and charges each of them with having participated in the plan of inducing and coercing

employees of the complainants to leave their employment; with having assisted in the maintenance of the unlawful picketing system; with having participated in the collection. and disbursement of the fund of the union which was used in inducing complainants' employees to leave their employment by the payment of money; with having been part of the combination in control of the strike and responsible for the unlawful acts of the strikers. It was verified by the affidavit of Daniel C. Shelley, secretary of the Chicago Typothetæ, one of the petitioners and one of the complainants in the original bill of complaint, who makes oath that he has read the foregoing petition and knows the contents thereof, and that he verily believes the same is true in substance and in fact. Many affidavits were filed in support of the charges made in the petition, and oral testimony was introduced upon the hearing by the petitioners. The charges are substantially the same as those made against the defendants in the *Franklin Union case, supra,* and many questions here presented for decision were considered and decided in that case.

*Question of jurisdiction.*—The first proposition insisted upon by counsel for appellants is: "The said superior court was without jurisdiction, power or legal authority to issue said writ of injunction, because Chicago Typothetæ, the alleged complainant in said chancery suit, as appears upon the face of the bill, is neither a natural nor artificial person." From this principal proposition they deduce the following corollaries: (*a*) No amendment could be made to the bill for the reason that there was nothing to amend by; (*b*) this question can be raised at any time in the proceeding, for the reason that it is void for want of proper party complainant; (*c*) the want of a complainant, either natural or artificial, in said superior court could not be waived by appellants, or either of them.

It is admitted that there is ground for the contention of opposing counsel that the principal question above stated was decided in *Franklin Union* v. *People, supra,* adversely

to appellants, but the argument is that this is only apparently so, for the reason that the total want of jurisdiction in the superior court was not there urged but expressly waived. The bill filed October 9, 1903, upon which the writ of injunction was issued for the violation of which these appellants were tried and convicted, is the same bill and the same writ of injunction which were before us in the above named case, this being a second proceeding for contempt. As shown by the statement of facts embraced in the opinion in that case, the bill was filed in the name of the Chicago Typothetæ, a voluntary association for and on behalf of its members, naming them. Daniel C. Shelley, secretary of the complainant association and a member of the same, made affidavit to the bill, following which was a written statement signed by each of the members of the association, as follows: "We, the undersigned members of complainant association, hereto affix our seals and consent and request that action be brought in court by the filing of the foregoing bill of complaint." After the writ of injunction had been ordered and issued the bill was amended by leave of court without prejudice to the injunction, by which the several members of the Typothetæ and the C. H. Morgan Company were made complainants, together with the original complainants.

Counsel are mistaken in the contention that the question here raised was waived or not decided in the former case. We there expressly said: "The first contention made is, that the court was without jurisdiction, by reason of the want of proper parties, to enter the order of October 10 directing the issuance of said injunction, and for that reason it is urged the respondents could not be lawfully adjudged guilty of contempt of court for a violation of the injunction." The opinion then proceeds to discuss the proposition, and decides, on the authorities cited, that the question of the capacity of the complainant, the Chicago Typothetæ, to maintain the bill could only have been raised by demurrer or a motion to dissolve the injunction. The second question discussed in

225—5

the opinion is the one from which counsel make the quotation in support of their claim that the jurisdictional question was waived. It is too plain to be made the subject of discussion that the decision of the second proposition in no way affected the first, and unless all that was said and decided in disposing of the first contention should be overruled, *Franklin Union* v. *People, supra,* is decisive of appellants' foregoing major proposition. We have, however, reconsidered that question in the light of the present argument, but find no sufficient reason for departing from the views then expressed, and no good purpose would be served by a further discussion of the point. We are further of the opinion that the concession made by counsel for appellants on that hearing, as stated in the second point, was one which they could not escape and which must now be admitted. However irregular it may have been to file the bill in the name of the voluntary association on behalf of its members, it was not done until after each member of the association had signed a statement attached thereto, affixing his signature and seal to the same, consenting and requesting that the action be brought by filing the bill of complaint. If that statement had been contained in the body of the bill there could have been no substantial grounds for the contention that the bill was not filed in the individual names and for the benefit of the members, however awkwardly or inartistically it would have appeared in form. Before there was any appearance by the defendants or answer filed, it showed on its face, in substance, the rights of the members of the society which it was claimed had been violated, and that the object and purpose of the same was to protect those rights, and that it had been filed by and with the consent of the individual members. We entertain no doubt that every member of the association was amenable to all orders by the court regularly entered under that bill and entitled to any protection decreed thereunder. The defect was of form, and not of substance. It cannot, therefore, in our view, be maintained that the orig-

inal bill was a nullity and there was therefore nothing to amend by, consequently the amended and supplemental bill of October 18, 1903, cured whatever defects existed as to parties complainant.

The following additional grounds of reversal are also urged:

*First*—The writ of injunction is ambiguous, indefinite and uncertain, and for this reason the judgment of the Appellate Court and of the superior court should be reversed.

*Second*—The several allegations of the petition filed December 23, 1903, are not allegations of fact but of mere conclusions, and therefore the petition is insufficient to sustain the conviction. If contempt proceedings are begun by affidavits the affidavits are jurisdictional, and if made only upon information and belief, or upon belief only, they confer no jurisdiction and the proceedings are void. The affidavits filed in support of the petition did not aid it because made only upon information and belief.

*Third*—The proceeding is criminal or *quasi* criminal in its nature, and the guilt of the defendants must be established beyond reasonable doubt.

*Fourth*—The superior court erred in admitting evidence on behalf of the appellee, over the objection of appellants, relating to matters happening prior to the issuance of said writ of injunction.

*Fifth*—There is no evidence that the complainant, the Chicago Typothetæ, was injured.

*Sixth*—The punishment is excessive.

*Seventh*—The proceeding deprived appellants of liberty and property without due process of law, in violation of section 2 of article 2 of the constitution of this State, and also contravened the rights guaranteed to appellants by the fourteenth amendment to the constitution of the United States by depriving them of liberty and property without due process of law.

We will briefly consider these points in their order.

*Ambiguity of the writ.*—The uncertainty in the writ complained of is said to arise out of the constant and repeated use of the term "unlawful persuasion." The attempt is to question the sufficiency of the order and decree of the superior court collaterally, which cannot be done. Suppose it be admitted that the court was in error in forbidding "unlawful persuasion," those who have violated the order in other respects cannot be heard to question it. It is a well known rule of law that in a proceeding for contempt in failing to obey an order of court the respondent may question the order which he is charged with refusing to obey only in so far as he can show it to be absolutely void, and he cannot be heard to say that it is merely erroneous, however flagrant it may appear to be. The judgment of courts cannot be attacked merely for being erroneous. (*Clark* v. *Burke,* 163 Ill. 334; *Leopold* v. *People,* 140 id. 552; *O'Brien* v. *People,* 216 id. 354; *Franklin Union* v. *People, supra,* and cases cited.) If the objectionable words should be stricken out of the order entirely it would not affect its validity, there being other acts and conduct therein forbidden and of which the appellants were found guilty.

*Insufficiency of the petition and affidavits.*—It is admitted that a contempt proceeding for the violation of a writ of injunction may be commenced either by petition or affidavits. It is sufficient if, either by petition or sworn statements, the matter complained of is brought to the attention of the court. The point, therefore, that the petition, and affidavits filed in support of it, are insufficient to authorize the conviction amounts to one and the same objection. The petition in this case is not materially different from that upon which the appellants were found guilty in *Franklin Union* v. *People, supra,* and at least some of the affidavits introduced upon the hearing there were similar to those offered in the present case. We said in the *Franklin Union* case: "It was not necessary that a petition be filed,—an affidavit would have been sufficient. In the *O'Brien case,* on page 368, the

court said, in speaking of the contention that the petition filed against the respondents, and upon which they were adjudged guilty of contempt, was insufficient: 'They were not entitled to a specific bill of particulars, nor was it necessary to set out the charge with the same particularity that would be required of an indictment. (1 Bishop on Crim. Proc. sec. 643.) It has often been held that in an attachment proceeding for contempt, alleged to have been committed out of the presence of the court, it should be brought to the attention of the court by an affidavit setting out the particular respects in which the injunction is alleged to have been violated. But that was sufficiently done in this case.' (Citing authorities.) The petition filed against Franklin Union No. 4 fully advised it of the charge made against it, and was sufficient." Here the petition consisted of thirteen paragraphs, and, so far as we can see, some of them, at least, specifically charged the defendants with being guilty of violating the injunction. It is said, however, that the affidavit attached thereto is defective, in that it states that the affiant verily "believes" the same to be true. It does state that the affiant knows the contents thereof, and we think the objection that he "believes," etc., exceedingly technical, especially in view of the fact that the defendants appeared and answered the objection by way of a general denial, making no objection whatever to the sufficiency of the petition. The affidavits filed in support of the charge certainly tended to prove their guilt, and of themselves were sufficient to bring to the attention of the court the claim that the injunction had been violated.

*Degree of proof necessary to convict.*—The contention that the proceeding is criminal or *quasi* criminal, and therefore the evidence must be sufficient to establish the guilt of the acts beyond a reasonable doubt, is more fanciful than real, as applied to this case. If the evidence in this record was sufficient to justify the conviction, the question of the degree of proof required in such cases is unimportant, be-

cause if it tends to prove the guilt it does so beyond all doubt. Affidavits introduced on behalf of the petitioners were positive and unequivocally to the effect that the defendants had been guilty of acts and conduct forbidden by the injunction. Neither of the defendants testified to the contrary. Their only denial was by way of their answers. It is admitted that a proceeding for contempt in such cases is civil in its nature in this State, however it may be held in other jurisdictions; therefore the statement that the proceeding is criminal or *quasi* criminal is not correct. But counsel doubtless intend to insist upon the rule that when a criminal offense is charged in a civil suit it must be established by the same degree of proof required in criminal cases. The rule, however, is confined to cases in which the criminal charge is made in the pleadings as the foundation for the civil action. In heretofore discussing the rule we said that even in those courts where the more rigid rule obtains, it is held to apply only to cases where the charge of criminality is made in the pleadings. (*Sinclair* v. *Jackson,* 47 Me. 102; *Schmidt* v. *New York Mutual Fire Ins. Co.* 1 Gray, 529.) The counsel for appellants cite no authority extending the rule beyond this class of cases, and we are not disposed to carry it further. (*Grimes* v. *Hilliary,* 150 Ill. 141.) It also seems to be the recognized rule, at least in this State, that although an act charged in the pleadings might be a crime or criminal in its nature, yet unless charged as a crime the rules of evidence applicable to civil cases will apply. The defendants in this case were amenable to the superior court for the acts charged against them purely because the writ of injunction had forbidden them from doing the acts. Whether their acts were criminal or not, they were liable to punishment for a violation of the injunction. Their acts may have been criminal,— that is, the entering into a conspiracy might be a crime indictable and punishable as such,—but they could not be punished for the commission of the crime in this proceeding except in so far as they thereby violated the injunction. The

petition for the rule to show cause merely charged them with having violated the writ. It did not assume or pretend to charge them with a crime. "It does not follow because an element may have entered into the act which would have rendered it indictable as a crime but which is not alleged or necessary to be proved to authorize a recovery in the civil action, the proof must be made beyond a reasonable doubt.— *Riggs* v. *Powell,* 142 Ill. 453." (*Grimes* v. *Hilliary, supra.*) It was aptly said by the Appellate Court in its opinion in this case: "The averment and proof of conspiracy in a civil case is merely for the purpose of connecting the persons conspiring with the acts and declarations done and made in pursuance of the conspiracy, the rule being, that each conspirator is liable for the acts and declarations of his co-conspirators done or made in furtherance of the objects of the conspiracy." We are of the opinion that the rules of evidence applicable to civil cases should ·be followed in this case, and that proof of the defendants' guilt beyond a reasonable doubt was not necessary.

*Admission of evidence.*—The objection that the court improperly admitted evidence relating to matters happening prior to the issuance of said writ of injunction was considered and decided adversely to the contention here made in *Franklin Union* v. *People, supra.* Nothing need be added to what was there said on this point.

*Damage to complainants and punishment.*—The point that the Chicago Typothetæ was not injured by the acts complained of seems scarcely to merit notice. That the appellants should be shown to have committed the acts alleged against them toward the employees and business of complainant and no injury result can scarcely be seriously insisted upon. Nor do we feel called upon to discuss the question of punishment. If the parties were guilty as charged and found guilty upon the evidence they certainly have no reason to complain that they were punished beyond the merits of their offense. This was a second proceeding

for a violation of that writ in substantially the same manner, and therefore there can be no justifiable excuse for the commission of the acts charged against them, manifesting upon their part a disposition to willfully defy the order of the court.

*Constitutional questions.*—The constitutional questions attempted to be raised are purely imaginary, unless they are based upon the presumption that the whole proceeding was void for want of jurisdiction in the superior court. Having seen that the court had jurisdiction of the subject matter of the suit and of the parties, to hear and determine the matters urged in the bill for an injunction, and to issue the writ, it is difficult to see upon what theory it can be urged that there was not due process of law. The trial was under the ordinary and usual forms of law. The contempt proceeding was instituted in conformity with the practice in such cases, and was in the only court which had the power to hear and punish appellants for the violation of its judgment and decree. Every element of due process of law is here shown. Perhaps the simplest definition of due process of law is, that it means in the due process of legal proceedings according to those rules and forms which have been established for the protection of private rights, and under this definition it can not be seriously contended, it seems to us, that appellants were deprived of their constitutional rights.

*Evidence.*—The remaining grounds of reversal are, that the evidence fails to prove that the appellants, or either of them, agreed to combine among themselves, or with any other person or persons or corporation, to do an unlawful act or to do the lawful act by unlawful means, and that the evidence fails to prove, or tend to prove, these facts beyond a reasonable doubt; also, that the finding of the superior court in its recital was unwarranted by the proofs, is arbitrary, and without any justification whatever from the evidence. This alleged error is aside from all mere irregularities

claimed to have been committed in the progress of the trial, and has called for an examination of a somewhat voluminous transcript of the evidence produced on the hearing. We have endeavored to give this point such attention as the importance of the case to the parties as well as to the public at large demands, and have reached the conclusion that the evidence fully justified the conviction. That the acts and conduct charged against the defendants below were violative of the writ of injunction has heretofore been fully considered and determined in *Franklin Union* v. *People, supra.* To our minds the proof is clear and convincing that each of the appellants was guilty of the commission of those acts, or at least of enough of them to make him amenable to punishment for contempt of the court in willfully disregarding the commands in the writ of injunction. An extended consideration of the facts proved upon the hearing appears in the opinion of the Appellate Court by Adams, judge. A review of those facts by us would necessarily involve a repetition of that discussion and serve no good purpose. We shall content ourselves, therefore, by simply saying that we concur in the views there expressed.

The conviction in this case is clearly in harmony with the previous decisions of this court and amply sustained by the decisions of other courts.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

SCOTT, C. J., and FARMER, J., dissenting:

In cases of this character "persuasion" is not, in and of itself, unlawful. The majority opinion does not hold otherwise, but in our judgment this court should now determine that the injunction writ in the case at bar, in so far as it forbids "unlawful persuasion," is void. When the language used by the striker becomes unlawful it is no longer persuasion. The expression "unlawful persuasion" is therefore a contradiction in terms.

As to another branch of the case, we think that when it is charged that an injunction has been violated by acts which are forbidden by the criminal law of the State, the persons charged should not be punished unless the evidence of their guilt is sufficient to convince beyond a reasonable doubt.