## People of the State of Illinois, Defendant in Error, v. George Kizer, Plaintiff in Error.

1. DECREES—*effect of entry by judge de facto.* A judgment or decree by a judge *de facto* with color of right to perform the duties of such office, will be held valid where it concerns the public or the rights of third parties who have an interest in the same.

2. DECREES—*when not void.* A decree rendered by a court of chancery in a case with respect to which it has jurisdiction of the subject-matter, is not void as between the parties, although it may have been rendered in violation of the rules and practice of courts of chancery.

3. CHANCERY—*upon what jurisdiction depends.* The jurisdiction of a court of chancery is the power which it has to hear and determine the subject-matter in controversy between the parties to a suit, but jurisdiction as thus defined does not simply mean jurisdiction of a particular case but jurisdiction of the class of cases to which the particular case belongs.

4. CHANCERY—*what does not exclude jurisdiction of subject-matter.* If a court of chancery has jurisdiction of the subject-matter of a class of cases the fact that such jurisdiction may be invoked in a particular case by a party not entitled to avail of such jurisdiction, presents a question of practice and procedure rather than one of jurisdiction.

5. NUISANCES—*what does not exclude jurisdiction of chancery.* The court having jurisdiction to declare and abate a nuisance, is not deprived of such jurisdiction merely because the maintenance of such nuisance constitutes a criminal or statutory offense.

6. CONTEMPT—*when civil.* A contempt which arises from the violation of an order of court entered in a proceeding in chancery is a civil contempt with respect to which a court of equity has authority to hear evidence offered by the respective parties upon the issues made by the petition or information; a sworn answer by the respondent denying the allegations of such petition or information, does not, in such a case, entitle him to a discharge.

Contempt proceeding. Error to the City Court of Mattoon; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed October 25, 1909.

EMERY ANDREWS and JOHN S. HALL, for plaintiff in error.

JAMES VAUSE, JR., for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On September 11, 1908, the city of Mattoon filed its bill in equity in the City Court of said city alleging that it was a duly incorporated city under the laws of Illinois and that said city was anti-saloon territory; that George Kizer was the owner of a building known as No. 1406 Broadway avenue in said city, and that said George Kizer together with John and David Kizer were in possession of the same and were then and for more than three months last past had been conducting therein a pretended soft drink establishment and poolroom, where idle and vicious persons congregated on Sunday as well as other days of the week and remained therein at unreasonable and unseasonable hours of the night; that then and for more than three months last past, said persons were and had been repeatedly and continuously engaged in the selling of intoxicating liquors in said building and that they intended to so continue the illegal selling of intoxicating liquors; that the continuation of the said place and business as alleged had resulted in irreparable injury to the complainant in that the standard of its citizenship had been lowered, contempt for the law and the court engendered, its youthful inhabitants debauched, enticed and lured away from their lawful and profitable pursuits and educated in evil and dissolute habits; that the reputation of complainant for non-enforcement of law and order would check its growth and development, by keeping and driving away law-abiding people desiring to become residents thereof and by making it a center for the congregation of disorderly and undesirable persons, thereby increasing the burdens of police protection to life and property; that as a result of the business carried on in said building by the said defendants the property of its citizens in the vicinity of said building had depreciated in value for residence and business purposes; that said building and business as so carried on by defendants was a common nuisance viola-

tive of the rights of its citizens and working irreparable injury in their trade and business and the depreciation of the value of their property; that all attempts to suppress and abate said nuisance by prosecution had proven ineffective and resulted in a miscarriage of justice. The bill prays for a temporary and permanent injunction restraining the said defendants from further continuing the sale of intoxicating liquors in said building and that upon a final hearing said building may be declared to be a common nuisance and abated as such until said defendants shall give bond with sufficient security to be approved by the court in the penal sum of $1000, payable to the people of the State of Illinois conditioned that they or either of them will not sell intoxicating liquors contrary to law at and within said building and will pay all fines, costs, etc. The bill was dismissed as to the defendant David Kizer, and on September 21, 1908, defendants George Kizer and John Kizer entered their appearance in said cause in writing, as follows:

"Now comes George Kizer and John Kizer, each in his own proper person, and enters his appearance in the above entitled cause to the September term of said court, 1908, and confesses each for himself the truth of the matters and things alleged and set forth in the bill for injunction filed in the above-entitled cause and hereby consents and agrees that the court may enter a decree in accordance with the prayer of said bill and waives the right to appeal or sue out a writ of error or to in any other manner question the jurisdiction of the court to enter the decree in accordance with the prayer of said bill.

G. A. KIZER,
JOHN KIZER."

Thereupon the court entered a decree enjoining the defendants George and John Kizer from selling or giving away intoxicating liquors at and within said building as long as said complainant remained anti-saloon territory.

On October 31, 1908, an information was filed in the City Court of the said city of Mattoon in the name of the People of the State of Illinois, which information after setting forth the proceedings relating to said bill for injunction and the decree of the court therein, averred that the defendant, George Kizer, did, on, to-wit, the 27th day of October, 1908, between the hours of seven and eight o'clock p. m. sell intoxicating liquors at or within the building or room known as No. 1406 Broadway avenue in said city of Mattoon in violation and in defiance of the decree theretofore entered in said injunction proceedings and prayed that the said defendant be forthwith attached and brought into court to show cause why he should not be punished for contempt in so violating said decree. On November 2, 1908, the said defendant filed his sworn answer to said information, wherein among other things he averred that he did not at the time and place mentioned in said information sell or give away any intoxicating liquors to any person or persons whomsoever. After hearing the testimony of witnesses called on behalf of the people and of the said defendant the court adjudged said defendant to be guilty of contempt in wilfully violating the said injunction, and further ordered that said defendant pay his fine to the People of the State of Illinois in the sum of $1000 to be paid on or before November 12, 1908, together with the costs of the proceeding, and that he be imprisoned in the county jail of Coles county for the period of forty days, commencing November 12, 1908. This writ of error is prosecuted by said defendant to reverse said order and judgment of the trial court.

The record discloses that the Hon. Horace S. Clark, judge of the City Court of the city of Mattoon, died April 16, 1907, and that the September and November terms 1908 of said City Court, being the terms respectively at which the decree for injunction heretofore mentioned was entered and the hearing upon the proceeding by information for contempt was had and

judgment entered therein, were presided over by Hon. James W. Craig, one of the judges of the Fifth judicial circuit, in pursuance of written requests by the clerk of said City Court directed to the said Hon. James W. Craig to preside as judge of said court at said terms thereof. It is first urged that the Hon. James W. Craig had no lawful authority to hold the September and November terms 1908, of the City Court of Mattoon, and that he therefore had no lawful authority to enter the decree in the injunction proceeding and to enter judgment against the defendant in the proceeding for contempt, because a sufficient length of time had elapsed since the death of Judge Clark within which the vacancy caused by his death could have been filled at a special election called by the city council of said city of Mattoon, and because the provision of the statute authorizing the clerk of any City Court in case of the death, removal, resignation or disability of a judge of any such court to select and call in any judge of any Circuit, Superior, County or Probate Court to exercise the authority and perform the duties of a judge of such City Court, does not contemplate the selection of such judge by said clerk after a sufficient length of time has elapsed for the election of a judge of the City Court, or where the unexpired term of such judge does not exceed one year, for the appointment of his successor by the Governor. It is not necessary to determine whether the selection of Judge Craig by the clerk of the City Court of the city of Mattoon as provided by section 90 of the Practice Act constituted him a judge *de jure* of said City Court. Judge Craig was acting at least as a judge *de facto* of said City Court with color of right to perform the duties of such office and any judgments or decrees entered by him in that capacity must be held to be valid where they concern the public or the rights of third parties who have an interest in the same. Leach v. People, 122 Ill. 420; People v. Bangs, 24 Ill. 184; People v. Knopf, 183 Ill. 410; People v. Lieb, 85 Ill. 484.

People v. Kizer, 151 Ill. App. 6.

It is next insisted that the city of Mattoon had no power or authority to invoke the aid of a court of equity in the proceeding for an injunction and that the City Court of Mattoon was therefore without jurisdiction to hear and determine the contempt proceeding, which is based upon the decree entered in said proceeding in equity, and further, that the city of Mattoon did not have any such interest in the subject-matter of the said proceeding in equity as gave that court any power to enter a decree therein. This insistence is predicated upon the absence of an ordinance of the city of Mattoon declaring a place where intoxicating liquors should be sold or given away in violation of law to be a nuisance and providing for the abatement of such nuisance. Section 14 of the Act relating to anti-saloon territory (Rev. Stat. 1908, 896) provides that all places where intoxicating liquor is sold in violation of any provision of said act shall be taken and held and are declared to be common nuisances and may be abated as such. It is conceded by counsel for plaintiff in error that a court of equity has jurisdiction to enjoin and abate nuisances, but for the reasons urged it is claimed that the City Court of Mattoon was without jurisdiction to enjoin plaintiff in error from continuing the unlawful sale or giving away of intoxicating liquors in the building designated in the bill and to declare and abate the same as a nuisance and that the decree of said court in that respect is wholly void. Jurisdiction is the power to hear and determine the subject-matter in controversy between the parties to a suit, and jurisdiction as thus defined does not mean simply jurisdiction of a particular case but jurisdiction of the class of cases to which the particular case belongs. Whether a complaint does or does not state a cause of action, is, so far as concerns the question of jurisdiction, of no importance, for if it states a case over which the authority of the court extends, then jurisdiction attaches and the court has power to decide

whether the pleading is good or bad.   O'Brien v. The People, 216 Ill. 354.

If the sufficiency of the bill for injunction in the proceeding in equity had been then questioned by demurrer upon the ground that there was a want of proper parties, or that there was an adequate remedy at law, or that the bill improperly sought to enjoin the commission of a criminal offense, such demurrer might properly have been sustained, but the defendants named in said bill not only confessed all of its allegations but expressly consented that the decree now sought to be held invalid should be entered in the case.   Where a bill shows upon its face want of interest or capacity to sue, the proper method of taking advantage of such defect is by demurrer.   The mere fact that there was a defect of parties did not deprive the court of jurisdiction to hear and determine the question involved so as to render the order granting the injunction void and justify the plaintiff in error in wilfully violating the same.   In such a case a decree, although rendered in violation of the rules and practice of equity, where the subject-matter of the proceeding is within the general jurisdiction of a court of equity, while it may be irregular, is not void as between the parties to it.   Franklin Union v. The People, 220 Ill. 355; Flannery v. The People, 225 Ill. 62.

In Law v. Ware, 238 Ill. 360, it was held, that where the subject-matter of a bill of complaint belongs to that class of which a court of equity will take jurisdiction when the facts create some equitable right, or the relation of the parties renders the exercise of such jurisdiction proper, the objection that there is an adequate remedy at law must be brought to the attention of the court by demurrer or answer, to be effectual.   A court of equity having jurisdiction to declare and abate a nuisance is not deprived of such jurisdiction merely because the maintenance of such nuisance constitutes a criminal or statutory offense.   Minke v. Hopeman, 87 Ill. 450; Christie Street Com. Co. v. Board of Trade,

92 Ill. App. 604; Cella v. The People, 112 Ill. App. 376. Furthermore, the decree having been entered by the consent of the plaintiff in error, error cannot properly be assigned upon it. Galway v. Galway, 231 Ill. 217.

It is further urged that as the statute prescribes a method whereby the place where intoxicating liquor is sold in violation of the Act relating to anti-saloon territory may be abated following the conviction of the keeper of such place and as a part of the judgment of the court upon such conviction, the remedy thereby provided is exclusive and must be held to wholly deprive a court of equity of jurisdiction to declare and abate such place as a nuisance. The remedy provided by the Act in question for abating such nuisance is no more exclusive than the remedy provided by the Criminal Code for the conviction and punishment of persons guilty of committing or maintaining certain nuisances, whereby, when a conviction thereof is had in a court of record, the same may by order of the court be abated by the sheriff or other proper officer at the expense of the defendant. Rev. Stat. 1908, chap. 38, sec. 222, p. 757. The rule, therefore, that a court of equity has jurisdiction to declare and abate a nuisance notwithstanding the fact that the existence of such nuisance may render the person maintaining the same liable to conviction and punishment under the Criminal Code, is as applicable in the case at bar as it is in any other case involving a nuisance the maintenance of which may be punishable under the Criminal Code. The objection amounts to nothing more than that the complainant had an adequate remedy at law, which objection plaintiff in error is precluded from urging for the reason heretofore stated.

Plaintiff in error insists that the contempt here involved is a criminal and not a civil contempt and that upon the filing of his sworn answer purporting to deny the truth of the matters alleged in the information or petition he was entitled to be discharged. An exhaustive discussion and review of the authorities relating

to the distinction between criminal and civil contempt will be found in Hake v. People, 230 Ill. 174. It is there held that where the proceeding is in a court of equity the contempt is civil and is punished as an incident to the enforcement of orders and decrees made in furtherance of the remedy sought. The contempt in the case at bar arises from the alleged violation by plaintiff in error of the order of a court entered in a proceeding in equity and is clearly a civil contempt wherein a court is authorized to hear evidence offered by the respective parties upon the issues made by the petition or information. In each of the cases of O'Brien v. The People, 216 Ill. 354; Franklin Union v. The People, 220 Ill. 355; Flannery v. The People, 225 Ill. 62; Hake v. The People, 230 Ill. 174, and Barnes v. Typographical Union, 232 Ill. 402, which involve the violation by certain persons of so called "strike injunctions," the contempt proceedings were held to be civil and not criminal, and the practice and procedure applicable to civil contempts, prevailed. Conceding that the sworn answer filed by the plaintiff in error constituted a full denial of the facts alleged in the information or petition, it did not operate to purge him of the alleged contempt and the court properly heard the evidence of witnesses for the purpose of determining that question.

It is next urged that the finding of the court is against the manifest weight of the evidence in the record. As in all cases of like character the evidence as to whether or not plaintiff in error sold intoxicating liquors at the place in question is conflicting. A careful examination of the record satisfies us that the conclusion of the chancellor, who saw and heard the several witnesses testify, should not be set aside as being clearly unauthorized. Two witnesses testified positively that they purchased whisky from plaintiff in error in his place of business, while four or five persons, one an employe of the plaintiff in error and the others almost constant habitues of his place, testified

that plaintiff in error did not sell such whisky or that they did not see any such sale. Considering all of the facts and circumstances disclosed by the evidence we are disposed to think that the finding of the chancellor was fully warranted.

It is finally insisted that the punishment imposed upon plaintiff in error of a fine of $1000 and imprisonment in the county jail for forty days is so excessive and cruel that the judgment of the court should be reversed and in support of this insistence our attention is directed to the fact that the maximum penalty provided by the Act relating to anti-saloon territory for maintaining the nuisance in question, is a fine of $100, and confinement in the county jail for fifty days. In Hake v. People, 230 Ill. 174, where the same contention was under consideration, it was held, that criminal statutes which imposed punishment for like offenses had no application to a case such as the one at bar, and that a court of chancery may impose a fine alone for the violation of an injunction and commit the person until the fine and costs are paid, or, in its discretion, may fix a definite period of imprisonment, either with or without a fine. While courts of appellate jurisdiction are exceedingly adverse to interfering with the sound judicial discretion vested in a court of chancery, as to the extent of the punishment to be inflicted for contempt, yet, where it appears that such discretion has been arbitrarily and oppressively exercised, and the punishment inflicted is so manifestly and grossly excessive as to shock the sense of justice and propriety, it is the plain duty of courts having appellate jurisdiction to interfere by setting the same aside. A majority of the court are compelled to the conclusion that the punishment inflicted upon the plaintiff in error is so grossly excessive, oppressive and disproportionate as to demand interference in its execution.

The judgment of the City Court will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*