# CASES

DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1909.

Illinois Land & Loan Company, Complainant, v. George B. Quigg et al., Defendants.

People of the State of Illinois, ex rel. Illinois Land and Loan Company, Appellee, v. George B. Quigg, Appellant.

## Gen. No. 14,435.

1. CONTEMPT—*when allegations of bill taken as true.* A party before the chancellor for disregard and violation of an injunction cannot exonerate himself by raising an issue upon the truth of some of the averments of the bill whereupon the injunction was issued and then predicate a lack of jurisdiction, by the court, of the subject-matter upon the theory that the truth lies upon his side of the controverted fact.

2. INJUNCTIONS—*when bill of complaint sufficient.* A bill of complaint which is informal, recites evidential facts and is unnecessarily verbose is nevertheless sufficient to support an injunction granted thereon if the evidence in effect and substantial requirements authorize the issuance of such injunction.

Bill for injunction. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed October 29, 1909. Rehearing denied November 9, 1909.

(186)

JOHN P. McDONALD and GEORGE B. QUIGG, for appellant; E. D. BRANDENBERG, of counsel.

OLIVER & MECARTNEY, for appellee.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

On December 20, 1906, the Illinois Land & Loan Company filed its bill of complaint against appellant George B. Quigg and others. Complainant alleges therein title to and possession of an eighty-acre tract of land. The title, it is alleged, was acquired from various sources by complainant's immediate grantor and subsequently conveyed to complainant. Recovery of a judgment, on September 5, 1906, against Frank and Joseph Loux, two of the defendants, for possession of the property, in a forcible entry and detainer suit, is also alleged. The bill further sets up that George B. Quigg, Frank Loux, Joseph Loux and other defendants are engaged in a combination and conspiracy to interfere with complainant's peaceable possession of the land and that, in pursuance of that conspiracy, some of the defendants, including George B. Quigg, have, during a long period of time, repeatedly entered upon the tract, with rifles and shotguns driven away complainant's custodians upon the tract, destroyed structures and fences thereupon and otherwise continuously and repeatedly trespassed upon the premises. It is also alleged that the defendants are insolvent. Among other things the bill prays that defendants may be forthwith and immediately restrained and enjoined from interfering with, hindering or obstructing complainant's possession and that upon the hearing such injunction may be made permanent.

Immediately upon the filing of the bill, which is verified, an injunction issued as prayed and was served upon some or all of the defendants. Appellant George B. Quigg is one of those upon whom the injunction writ was then served. The following day, December

21, 1905, all the defendants entered their appearances.

Notwithstanding the injunction and in defiance thereof some of the defendants, including George B. Quigg, after knowledge thereof, went upon said tract of land repeatedly and interfered with, hindered and obstructed the complainant in its possession thereof. Some of the defendants carried rifles and guns and drove deputy sheriffs and complainant's representatives off the land therewith.

Thereafter, by due procedure not questioned, George B. Quigg, on September 26, 1907, was sentenced by the chancellor to the county jail for a period of ninety days and ordered to pay the sum of $500, as punishment for his aggravated contempt shown for the process of the court. To reverse that order George B. Quigg prosecutes this appeal.

The acts charged, which constitute the contumacious conduct, are not successfully, hardly seriously, controverted. The appellant and other defendants claim that when committing the acts they were acting as agents taking care of the land for some third person who was the owner of the land. Whether or not they acted for some third party as owner it was their duty to obey and show proper respect for the injunction writ issued by the court.

In Flannery v. People, 225 Ill. 62, 68, the Supreme Court held: "It is a well known rule of law that in a proceeding for contempt in failing to obey an order of court the respondent may question the order, which he is charged with refusing to obey, only in so far as he can show it to be absolutely void, and he cannot be heard to say that it is merely erroneous, however flagrant it may appear to be." Doubtless with this principle of the law in mind, appellant makes a threefold attack upon the validity of the injunction order. Three questions are asked in appellant's brief in that respect: "Had the court jurisdiction of the subject-matter?" "May a court of chancery issue an injunction without a prayer for such process?" and "Was

the proper affidavit to obtain an injunction made and was it legally issued?''

Under the first question appellant assumes the bill of complaint is one for an injunction restraining defendants from in any way preventing complainant from *acquiring* possession of the land. Whatever may develop when the merits are tried the bill alleges that complainant is in possession. No pleading denying the allegations of the bill has been filed by any of the defendants. Furthermore, complainant sets up the recovery of a judgment for possession against two of the several defendants alleged to be conspiring and co-operating together to interfere with the complainant's possession. Although affidavits have been filed on behalf of respondent and other defendants, that, in the commission of their acts of violence in disregard of the injunction, they were acting as agents of and for and on behalf of some third party who is asserted to be the owner of the land, we must, in the present condition of the pleadings, take the allegations of the bill to be true. A party before the chancellor for disregard and violation of an injunction cannot exonerate himself by raising an issue upon the truth of some of the averments of the bill whereupon the injunction was issued and then predicate a lack of jurisdiction, by the court, of the subject-matter upon the theory that the truth lies upon his side of the controverted fact. Cragg v. Levinson, 238 Ill. 69, sustains the theory of the bill in the case at bar.

The purport of the next question is that the bill contains no prayer for a temporary injunction. While the bill may not be a model, either in the body thereof, where the recitals of evidentiary facts are extremely numerous, or in the prayer thereof, which is unnecessarily verbose and tautological, we cannot regard the bill as lacking in the respect complained of. A little more time spent by counsel in the drafting thereof would have saved much labor for this court.

With reference to the third question we think it sufficiently appears from the bill itself that the rights of complainant, according to the bill, would be unduly prejudiced unless an injunction issued immediately. That being so, it was unnecessary to make any showing of facts in the affidavit to the bill, in that regard. We do not wish to be understood, however, as holding that if it did not so appear in the bill itself the lack of the necessary showing in an affidavit would be such an error as to make the chancellor's order a nullity. We do not pass upon that question.

After the argument upon these questions appellant's brief and argument proceeds saying: "Counsel will now touch upon the facts in the case at bar." We have carefully read and considered the part of the brief and argument which follows that statement and find it to be, in substance, an argument upon the merits of the main controversy raised by the bill. Appellant is now not at all concerned with the merits of that controversy. So far as appellant is concerned the only question is, did he knowingly violate an injunction of the court valid when made and subsisting at the time of the violation. It is none of appellant's affair at this time whether the injunctional order was erroneous so long as it was valid.

The order of the chancellor questioned by this appeal will be affirmed.

*Affirmed.*