## The People of the State of Illinois, Appellee, v. John Savage, Appellant.

CONTEMPT—*when evidence does not sustain judgment in.* If defendants are restrained from selling liquor in a particular building, the absence of proof showing that sales of liquor were made in such building is fatal to a judgment holding such defendants in contempt.

Bill in equity. Appeal from the City Court of Mattoon; the Hon. GEORGE D. WILSON, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed May. 26, 1911.

EMERY ANDREWS, for appellants; CRAIG & KINZEL, of counsel.

HENRY A. NEAL, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

On September 11, 1908, the city of Mattoon filed a bill in equity alleging that appellant Savage, together with other parties, were illegally selling liquor in the city of Mattoon in anti-saloon territory, that their places of business were nuisances, etc.

In that action, a decree was entered by consent and the defendants were restrained by writ of injunction from selling or giving away intoxicating liquors at or within the buildings set forth in the decree. While that injunction was still in force and effect, informations were filed against John Savage, Jesse Miller, Joseph W. Wallace, Charles W. Knight, William Knight, Jot Ashworth, and George Kiser, setting forth that they were violating the writ of injunction in selling and giving away intoxicating liquors at the places of business in which they had been restrained from so doing and that by reason thereof they were in contempt of court.

Upon these informations, attachments were issued; by the terms of the writ the defendants were directed to show cause why they should not be adjudged to be in contempt, but no rule or order of court was entered requiring them to show cause why they should not be adjudged to be in contempt.

The defendants were brought in under the attachment writs; no interrogatories were filed for them to answer, and no reply was made to the informations by defendants.

Prior to the judgments in the city court of Mattoon, from which these appeals are prosecuted, George Kiser, one of the defendants to the injunction proceeding, was adjudged to be in contempt of court for violation of the injunction and upon the judgment rendered in the proceeding an appeal was prosecuted to this court. Upon that appeal, opinion was filed October 25, 1909. (151 Ill. App. 6.)

The cause was reversed and after reinstatement of the

cause upon the remanding order, the court proceeded to hear evidence; upon that hearing, the court found each of the defendants in contempt of court, fined each of them $100, and sentenced each of them to imprisonment in the county jail for thirty days. From that judgment each of the defendants prosecuted his appeal. For the purpose of argument and hearing in this court, these cases were consolidated.

As a cause for reversal, counsel for appellants insist that the city court of Mattoon had no jurisdiction of the subject-matter of the original bill for injunction, and that whatever decree was rendered therein was void and for that reason there can be no contempt in disobeying the injunction. It is also insisted that there is no evidence in the record upon which appellants can be found guilty of violating the injunction writ. It is further insisted that the judgments rendered by the city court of Mattoon are void in failing to direct to whom the fines should be paid, and in failing to direct in *what* county jail appellants should be imprisoned.

Upon the question of the jurisdiction of the city court of Mattoon to render the decree entered by it, we held upon the former appeal by Kiser that that court had jurisdiciton and we now adhere to the conclusion reached by us at that time.

We also held at that time that the contempt was a civil and not a criminal contempt, and we see no reason for changing our views then expressed.

It is conceded by appellees that in order to punish for contempt for violating the injunction writ it is necessary that the record disclose and show that the sales of liquor alleged to have been made in violation of the injunction writs were made in the buildings in which defendants were restrained from selling or giving away intoxicating liquors. This being the law, it follows that if the evidence does not disclose that the sales were so made, then there is no violation of the injunction shown. Upon a careful examination of the record we find this information specifically charges that after the granting of the injunction, the respective defendants did on the first day of May, 1909, and divers other

days since the entering of said decree, sell, barter, and give away intoxicating liquors at and within the buildings so respectively described in the said decree, each information being applicable to the defendant named therein and building therein designated.

No rule was entered requiring the defendant to show cause why he should not be judged to be in contempt for violation of the injunction writ; no interrogatories were filed concerning violations of the injunction writ to be answered by defendants; the defendant was in no manner ruled to make answer to the information, and no default was ever entered or taken against the defendant for failure to make answer to said information.

On the hearing, various witnesses were examined, but from a careful examination of their testimony we find no proof of the location of the respective places of business of the defendants at the time of the alleged wrongful sales charged in the information, and there is no evidence that any intoxicating liquors were sold, or given to any one, at or within any of the respective buildings named in the injunction writ; to overcome the failure to prove these facts, appellee relies upon the familiar rule of law, that a condition once proven to exist is presumed to continue until the contrary is shown, and then argues that the decree in the injunction proceeding designated where the places of business of the various defendants were situated and specifically designates them and that the law presumes the defendants respectively continued to occupy the same places of business until the contrary is shown. If this contention can be maintained then it was unnecessary to aver that the defendants were selling or giving away intoxicating liquors at these specific places, or to specifically designate such places in the informations, as all that would have been necessary would have been to aver that defendants were selling or giving away intoxicating liquors, and under their contention the law would then presume that it was at the respective places of business described in the writ of injunction; yet they concede that the informations must specifically set forth the

places where the sales were made. If it was necessary that the informations contain this averment, then it was also necessary for the proof to have been made, as it is a familiar rule of law that whatever is necessary to be averred is also necessary to be proven unless admitted.

The decree that it is alleged defendant violated did not restrain him from selling or giving away intoxicating liquors in the city of Mattoon generally, but only at and within the building specifically described within that decree and to have continued to sell intoxicating liquors therein, would have been not only a violation of the injunction but also of the statute; the law does not presume that the defendant violates a law but rather that he obeys it. The evidence shows that the sales were made upon the premises occupied by the respective defendants at the time the various sales were made, but there is no evidence where those places of business were located, and the places of business are not specifically described and there is no proof that they are the same places described in the decree, and in a proceeding of this kind the court will not presume that the defendants had for more than a year continued to occupy the places of business described in the injunction writ. It is insisted in the argument that the chancellor who heard the evidence knew and was cognizant of all the conditions that existed; while this may be true as a matter of fact, yet when sitting as a court to judicially determine the guilt or innocence of a defendant, the chancellor cannot take judicial notice of the conditions existing, or apply his personal knowledge of existing facts.

It is insisted by appellee that the information in this case being verified, was sufficient to authorize rendition of judgment against the defendants without further proof; even if this contention could be maintained as a general proposition, upon the record in this case, no default was taken; no rule entered to show cause, no interrogatories filed, and no finding that the defendants had failed to answer or show cause and no finding that the facts stated in the informations are true, and such contention cannot be maintained. The record

shows the cause was heard upon the evidence preserved in the bill of exceptions and upon this alone the judgment was rendered, and the evidence is insufficient to warrant a finding that the defendants violated the injunction or were in contempt of court, and for this reason the judgment cannot be sustained. It is unnecessary to consider the other questions raised on this record.

For the reasons above the judgment of the city court of Mattoon is reversed and the cause remanded.

*Reversed and remanded.*