WILLIAM W. Low, Appellant, *v.* WILLIAM J. GETTY, Appellee.

APPEAL FROM MARSHALL.

Where pleas are held sufficient, it is not erroneous for the court to give instructions to the jury involving the questions presented by the pleas.

It is alleged by the appellant that the pleas are bad because they show no sufficient consideration to support the contract set up in the pleas. The case shows that defendant had contracted to deliver to plaintiff corn, at the mouth of Sandy, or at Fenn's warehouse in Lacon, in case anything should happen that plaintiff could not get a boat to take the corn from Sandy. The pleas aver that before the time of delivery under the first contract, a subsequent contract was made, by which, in consideration that the defendant then and there agreed with the plaintiff, at his request, that defendant would not shell or thrash said corn until plaintiff should furnish sacks to sack said corn. The plaintiff agreed with the defendants, that they need not and should not be required to deliver said corn until plaintiff should furnish sacks to sack the corn, and direct the defendant when to deliver the corn when so sacked, and that he would deliver the sacks and direct where the corn should be delivered on or before the first of August, A. D. 1849.

There was a trial by jury at April term, 1856, of the Marshall Circuit Court, HOLLISTER, Judge, presiding, and a verdict and judgment for the defendant. The plaintiff below brings the cause to this court.

N. H. PURPLE, for Appellant.

GLOVER and COOK, for Appellee.

CATON, J. The only difference between this case and that of Low v. Forbs, decided at this term, is that in that case the pleas were admitted to be true by the demurrer, which we held to have been properly overruled; whereas, here issues were taken on the pleas, which the jury have found to be true by their verdict. The pleas being held sufficient, there is no pretense that the instructions given to the jury were not proper, for they involve really the same questions. The pleas being sustained, the instructions were correct.

I have more serious doubts about sustaining this verdict, on account of the weakness of the proof. While there is proof from which the jury might infer such a parol contract as is alleged in the pleas, I confess I should have been better satisfied with a verdict the other way. Still the court is of opinion that it is not such a case of the want of proof, as to require this court to disturb a verdict, which has met the approval of the judge who tried the cause.

The judgment must be affirmed.

*Judgment affirmed.*