# ROBERT M. MILLER

*v.*

# AMANDA BALTHASSER.

1. INSTRUCTIONS. It is not error to give an instruction involving the issue made by the pleadings. If the cause of action charged in the declaration is not well pleaded, the defendant's proper course is to demur.

2. Where the plaintiff testified that defendant had committed an assault upon her, and the defendant, in his testimony, denied it, and there was no other testimony on the subject, the verdict of the jury necessarily depended upon the degree of credit to be given to one or the other, and it was not error to instruct the jury that if they believed, from the evidence, that the defendant assaulted the plaintiff, as testified to by her, that would warrant them in finding the defendant guilty.

3. SAME—*should require the jury to found their belief on the evidence.* Whilst it would be error to so instruct the jury that they could find a verdict upon their belief, not based upon the evidence, yet it is not necessary to repeat in each clause of an instruction that the jury must believe from the evidence. It is sufficient if, in the first clause of the instruction, they are told that their belief must be founded upon the evidence, and there is nothing in the subsequent part from which sensible men could infer that they had a right to find a verdict upon any belief outside of the evidence.

4. EVIDENCE—*mere preponderance of, is sufficient in a civil suit.* In a civil suit, brought merely to recover damages for a personal injury, a mere preponderance of the evidence is sufficient upon which to base a finding, and it is proper to so instruct the jury.

5. VERDICT—*against the weight of evidence.* A verdict will not be set aside where the evidence is conflicting, even though it may be against the weight of the evidence, unless it is apparent that the jury have been actuated by passion or prejudice.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. ECKLES & KYLE, for the appellant.

Mr. JOHN SCOTT, Mr. J. J. HERRON, and Mr. MILO KEN-DALL, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of trespass, brought by appellee against appellant, to recover damages for an alleged assault upon her by appellant.

A trial of the cause was had before a jury, which resulted in a judgment in favor of appellee of $1000, to reverse which appellant brings the record here by appeal.

Two grounds are relied upon by the counsel of appellant to secure a reversal of the judgment: *first*, that the court erred in giving appellee's first, fifth and seventh instructions; *second*, that the verdict is contrary to the evidence, and that it was error to overrule the motion of appellant for a new trial.

The questions raised will be considered in the order presented.

The first of appellee's instructions was as follows:

" If the jury believe, from the evidence, that the defendant is guilty of the trespasses, or either of them, as charged in the plaintiff's declaration, then the jury will find for the plaintiff, and assess her damages at a sum not exceeding $5000."

An issue of fact was presented by the pleadings, and it was not improper for the court to give an instruction involving the issue made by the pleadings. *Low* v. *Getty*, 18 Ill. 493.

If the trespass charged in the declaration was not well pleaded, it was the duty of the defendant to have demurred. The issue was, however, properly formed. The instruction was predicated upon that issue, and the evidence offered to sustain it, and, so far as we can perceive, it could not mislead the jury or prejudice the rights of the defendant.

The fifth instruction was in the following language:

"If the jury believe, from the evidence, that the defendant assaulted the plaintiff, as testified to by her, by laying his hands on her, accompanied with the threat that he would kill her, or words, in substance, that if she did not consent to sexual intercourse with defendant, this in itself will warrant the jury in finding the defendant guilty, although the jury may further believe, from the evidence, that she ultimately freely assented to such intercourse. If, however, the jury believe that such ultimate assent was not freely given, but was yielded by the plaintiff only as a consequence of the preceding violence or force, then such sexual intercourse should be regarded by the jury as a part of the assault, and a ground for exemplary damages—that is, such as will compensate the plaintiff for any wrong to her, and to punish the defendant, and to furnish an example to deter others from like practices."

The objection urged to this instruction is, that it ignores all the evidence in the case except that of the plaintiff, and by the last clause of the instruction the belief of the jury was not confined to the evidence before them.

Upon an examination of the evidence introduced upon the trial, it appears that the plaintiff was the only witness who testified to the assault made upon her by the defendant. The defendant, in his evidence, expressly denied the assault. It was, therefore, for the jury to determine which of the two witnesses told the truth.

The verdict necessarily depended upon the degree of credit given by the jury to one or the other of these witnesses.

If the jury believed the testimony of the plaintiff, the verdict would necessarily be for her. If, on the other hand, the jury believed the evidence of the defendant, they could not do otherwise than find in his favor.

Under such circumstances, we can not regard the instruction as improper.

As to the second objection to the instruction, while the jury have no right to form a belief other than from the evidence, and while it would be error for the court to instruct them in such a manner that their verdict could be based upon a belief not founded upon the evidence introduced on the trial, yet it has never been held to be necessary to repeat in each clause of an instruction that the jury must believe from the evidence.

The first clause of the instruction expressly informs the jury that their belief must be formed from the evidence, and, while the same is not repeated in the latter clause, a jury composed of sensible men could not infer that they had the right to travel outside of the record in search of proof upon which to form a verdict.

The seventh instruction, to which objection is made, is—

" 7th. In this action the plaintiff is only required to make out her case by a mere preponderance of evidence, to entitle her to recover; and any of the evidence, either circumstantial or positive, which induces belief, is proper to be considered by the jury in determining whether or not the defendant is guilty."

It is said, where the offense charged is of so grave a character, more than a bare preponderance of the evidence should be required to warrant a verdict. This is not, however, a criminal or penal action, but is merely a civil action, brought to recover damages for a personal injury. The judgment involves neither the life nor liberty of the defendant, and we are aware of no authority that would require the plaintiff to establish her cause of action by more than a preponderance of the evidence. The rule that obtains in criminal cases has no application to this.

The last point relied upon by appellant, that the court erred in refusing a new trial, involves a consideration of the evidence introduced before the jury. We shall not, however, enter upon a discussion of the testimony. The principle that must

20—78TH ILL.

govern this question has been so long and so well settled in this court that the citation of authorities to support it seems unnecessary. The rule is uniform that a verdict will not be set aside where the evidence is conflicting, even though it may be against the weight of evidence, unless it is apparent the jury have been actuated by passion or prejudice.

If the evidence of appellee be true, appellant, when appellee was a member of his family, in the discharge of her duties as a maid servant, and entitled to his protection, unlawfully assaulted her, and, by means of threats and personal violence, compelled her to submit to sexual intercourse with him.

True, this is all met by an express denial by appellant, in his evidence before the jury, but this conflict on the vital point in the case the law has intrusted to a jury to reconcile and settle; and when they have discharged that duty without passion or prejudice, it is no part of the duty of an appellate court to interfere.

It is urged, that appellee remained at appellant's house two weeks after the assault, and made no complaint in regard to the injury received for near six months, and that this and kindred facts should discredit her evidence. These considerations were, however, before the jury, and were more appropriately addressed to their consideration, bearing upon the question of the weight to be given to appellee's evidence, than to an appellate court.

So far as we can discover from the record, the defendant has had a fair trial on the merits. The law involved in the case was properly given to the jury, and they have found against him upon the facts, and we can not interfere without invading the province of the jury.

The judgment will therefore be affirmed.

*Judgment affirmed.*