# WILLIAM ROBINSON *et al.*

## *v.*

# OLIVIA J. RANDALL.

1. JUROR—*competency.* In a suit against a liquor dealer for damages occasioned by selling liquor to one in the habit of getting intoxicated, the fact that a juror has a prejudice against persons engaged in the sale of intoxicating liquors, does not disqualify him, if he says he can give the defendant the same kind of a trial as in any other case, and will be governed by the law and evidence.

2. But a juror who will not give the same weight to the testimony of one engaged in the sale of intoxicating liquors that he would to those engaged in other business, is not a competent juror in a suit against a party for selling intoxicating liquors to one in the habit of getting intoxicated.

3. PRACTICE—*challenging jurors.* The fact that the court below erred in overruling a challenge of a juror for cause, will not be sufficient cause for reversal, although the objectionable juror is peremptorily challenged, if the party objecting to him is not compelled to exhaust his peremptory challenges on others.

4. EVIDENCE—*preponderance sufficient in civil suit for selling liquor.* In a suit by a wife for injury to her means of support, occasioned by the sale of intoxicating liquors to her husband, she is not required to make out a case to the satisfaction of the jury beyond a reasonable doubt, but only by a preponderance of the evidence.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. J. J. HERRON, and Mr. JOHN SCOTT, for the appellants.

Messrs. HENDERSON & TRIMBLE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by appellee, a married woman, to recover damages sustained in her means of support in consequence of the sale by appellants of spirituous liquors to her husband, who was in the habit of using intoxicating liquors to excess. A trial of the cause before a jury resulted in a verdict and judgment in favor of appellee, for $350, to reverse which appellants appealed.

The first error complained of is the decision of the court in overruling appellants' challenge, for cause, of the jurors, Bagden and Mercer. Bagden, on his *voir dire*, said he "had a prejudice against men engaged in the sale of intoxicating liquors; should be governed by the evidence and the law; don't know but what I would give defendants the same kind of a trial as in any other case."

Under our statute, the sale of spirituous liquors, under certain circumstances, is a crime for which a party may be indicted, fined and imprisoned. The mere fact, therefore, that a juror may have a prejudice against crime, does not disqualify him as a juror. A juror may be prejudiced against larceny, or burglary, or murder, and yet such fact would not in the least disqualify him from sitting upon a jury to try some person who might be charged with one of these crimes.

As to the other juror, we do not regard him competent. He said he had great prejudice against the traffic; could not give the testimony of a person engaged in the business the same weight he could a man engaged in other business. Under the law, the defendants were competent witnesses, and a juror who was so prejudiced that he could not give their evidence that weight which it was entitled to receive, could not be regarded as a person standing indifferent between the parties, free from all bias which might swerve his judgment from all impartiality.

But conceding that the court erred in not sustaining the challenge of the juror, it was an error that did appellants no harm. The jurors were challenged peremptorily, and excused, and appellants did not exhaust their challenges in the selection of the entire jury before whom the cause was tried, therefore appellants were not injured by the ruling of the court; and, as was held in *Winnesheik Ins. Co.* v. *Schneller*, 60 Ill. 465, we can not reverse for an error that worked no injury. If appellants, in consequence of the ruling of the court, had exhausted their peremptory challenges, and had been compelled to accept a juror whom they might have otherwise

rejected, the rule might be otherwise, but this record does not disclose such a state of facts.

It is also claimed by appellants that the verdict is contrary to the evidence. While it is true, upon some points the evidence is somewhat conflicting, yet, upon a consideration of the whole testimony, we can not say it is insufficient to sustain the verdict. The appellants persisted in selling appellee's husband intoxicating liquors after they had, on several occasions, been warned not to do so, in consequence of which he was incapacitated for labor, upon which appellee relied for the support of herself and family. These facts, and others of a kindred character, were proven, and if true, of which the jury were the judges, they were ample to justify the verdict.

The appellants also claim that improper testimony was admitted. We see nothing, however, in the ruling of the court in this regard which would justify a reversal of the judgment. Some evidence may have been admitted that had no legitimate bearing in the case, but it is apparent, from the verdict, that the jury was not misled.

The court, on behalf of appellee, gave an instruction appellants claim is erroneous, which is as follows:

" It is not necessary, in order to establish any material fact in this case, that the evidence should prove it to the satisfaction of the jury beyond all reasonable doubt; but if there is a conflict of evidence as to any material fact in the case, a clear preponderance, or clearly greater weight of evidence in favor of it, is sufficient legal proof of it in this case."

The instruction, so far as we understand it, announces the proposition that appellee was not required to establish her cause of action by proof which would satisfy the jury beyond all reasonable doubt, but a clear preponderance of the evidence was all that was required. If we are correct in our undering of the instruction, it was not objectionable. This was not a criminal or penal action, but a civil action, to recover dam-

ages, and the rule in relation to the proof in the former cases can not control here.

As we perceive no substantial error in the record, the judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY: The position is taken that no injury can be done to a party where he challenges a juror for cause, and his challenge is improperly overruled, and the juror is challenged peremptorily, if it turns out afterwards that the party making such challenge does not, in selecting the other jurors, exhaust *all* his peremptory challenges. This position seems to me untenable. No one can tell how many of those subsequently accepted jurors he would have challenged peremptorily, if he had not already expended one of his challenges upon the offensive juror in question. Nor does the position seem sound that this court will not reverse where error is found, if the evidence is found sufficient to support the verdict. Before material error can be disregarded on matter growing out of the proofs, the evidence must be so overwhelming that this court would have reversed as contrary to the evidence, had the verdict been otherwise.