**John C. Glascock by M. C. Glascock, Appellee, v. George Gerold, Appellant.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

## Statement of the Case.

Action by John C. Glascock, a minor, by M. C. Glascock, his next friend, plaintiff, against George Gerold, defendant, to recover damages for personal injuries alleged to be due to his being hit by a brick thrown at him by defendant while he was climbing down from the top of defendant's building, thus causing him to fall to the ground. From a judgment for plaintiff for eight hundred dollars, defendant appeals.

Defendant was the owner of a flat-roofed, two-story brick building used for warehouse purposes, located on 13th street in the City of East St. Louis. Prior to the injury in question there had been another brick building adjoining this building on the rear, which had burned leaving a portion of its side wall standing, adjoining defendant's warehouse. There was also a portion of the wall of the burned building extending west from the north wall of defendant's building. These broken walls extended down in a broken standing condition from the top of defendant's building to the ground. On the date in question plaintiff, who was then thirteen years of age, in company with two other boys of about the same age, had climbed up the broken walls of the burned building and had got on top of the warehouse in question and were looking for pigeons and eggs. Defendant saw them and exclaimed: "I have the boys that have been stealing my pigeons." Thereupon the boys tried to make their escape from the building. Plaintiff testified that as he was starting down backward on this broken wall, defendant threw a brick and struck him on the shoulder; that he fell from the wall to the ground, being about twenty feet, and broke the tibia or large bone of his leg below the knee. The injury received by plaintiff kept him in the hospital for nineteen days and confined him to his home for about four weeks. After he started to

school he still had to use crutches for some considerable time. The evidence was very conflicting.

The evidence tended to show that plaintiff sustained a very serious injury. The doctors testified that the tibia was fractured and that part of the bone was removed. They further testified that in order to secure a proper union of the fractured bone they inserted in the canal of the bone a peg made of wood to assist in holding the bone in place. They also were compelled to tie together the broken ends of the bone with a wire thread. The evidence further disclosed that at the time of the trial the foot of the injured limb was more or less thrown outward and that plaintiff could not stand straight on the same. The doctors were of the opinion, however, that he would ultimately recover from this defect.

L. V. WALCOTT and D. J. SULLIVAN, for appellant.

C. P. COULTAS, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. ASSAULT AND BATTERY, § 14*—*when evidence sufficient to sustain verdict.* In an action for damages for personal injuries to a boy thirteen years of age, alleged to be due to his being struck by a brick thrown by defendant while plaintiff, who had been on top of defendant's building gathering pigeon eggs, was climbing down the wall of a partially destroyed brick building adjoining defendant's in the rear, this causing plaintiff to fall a distance of twenty feet, where the evidence was conflicting as to whether defendant threw the brick at plaintiff, evidence *held* sufficient to sustain the verdict in favor of plaintiff.

2. DAMAGES, § 124*—*when verdict for injuries to leg of boy not excessive.* In an action for damages for personal injuries to a boy thirteen years of age where there was evidence that the tibia of one leg was fractured and at the time of trial the foot of the injured limb was thrown out so that plaintiff could not

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

walk on it, but such defect would not be permanent, a verdict for eight hundred dollars *held* not excessive.

3. ASSAULT AND BATTERY, § 14*—*what degree of proof necessary in civil action.* In a civil action for assault and battery, the plaintiff need only prove his case by a preponderance of the evidence.

4. APPEAL AND ERROR, § 1241*—*when error in giving instructions unavailable by giving of similar instructions for adverse party.* In a civil action for damages for an assault and battery, any error in an instruction for the plaintiff that the latter need prove his case only by a slight preponderance of the evidence is unavailable where given instructions presented by defendant only require the plaintiff to prove his case by a preponderance of the evidence.

5. INSTRUCTIONS, § 87*—*when instruction on preponderance of evidence correct.* An instruction in a civil action that if plaintiff's evidence preponderates but slightly it is sufficient is correct.