## Joseph A. Cottam, Appellee, v. National Mutual Church Insurance Company, Appellant.

### Gen. No. 23,220.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD
S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1917. Reversed and remanded. Opinion filed
January 30, 1918.

### Statement of the Case.

Action in assumpsit by Joseph A. Cottam, plaintiff,
against National Mutual Church Insurance Company,
a corporation, defendant, to recover upon a contract
of fire insurance. From a judgment for plaintiff for
$3,400, defendant appeals.

N. M. JONES, for appellant.

HERBERT E. BRADLEY, for appellee; ARTHUR W. KIL-
PATRICK, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the
court.

### Abstract of the Decision.

1. EVIDENCE, § 443*—*when witness incompetent to testify as to
value.* It is error to permit a witness who has stated that he does
not know what a certain article was worth to testify what he thinks
it was worth.

2. INSURANCE, § 653*—*when prior application is admissible to
show statement as to value of goods.* In an action to recover on a
contract of fire insurance on household goods, it is error to refuse
to permit defendant to introduce an original application made by
plaintiff to defendant for another policy on his household goods two
years before the application for the policy in suit, in each of
which applications the value of the goods was stated.

3. INSURANCE—*when evidence of acquittal on charge of arson
inadmissible.* Where, in an action on a policy of fire insurance,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Cottam v. Nat. Mut. Church Ins. Co., 209 Ill. App. 404.

some evidence has been injected into the record by plaintiff that the fire had been the subject of another trial which involved a charge of arson, it is error to permit plaintiff's wife to testify over defendant's objection that plaintiff was acquitted on such other trial.

4. INSURANCE, § 626*—*when statements by insured after fire admissible to show preparation of alibi.* In an action to recover on a fire insurance policy, evidence of witnesses that plaintiff had stated to them after the fire that he believed that a religious denomination had burned him out for spite and that they were angry because he was going to preach on a certain topic that night, is material as bearing upon defendant's theory that plaintiff was seeking to prepare an alibi and had preached upon the topic in question for that purpose.

5. INSURANCE, § 653*—*when deposition is inadmissible to show price paid for old exchanged piano and cost of repairing.* In an action on a fire insurance policy, the fact that it is shown that plaintiff received a credit of $300 for an old piano on the purchase price of a player-piano, which was one of the articles burned, does not render admissible a deposition by which it is sought to show that he paid $175 for the old piano and had it repaired at a cost of about $125.

6. INSURANCE, § 649*—*inadmissibility of evidence of other fires.* In an action on a fire insurance policy, evidence of other fires by which plaintiff has suffered is inadmissible.

7. INSURANCE, § 120*—*how contract construed.* Provisions of an insurance contract are construed strictly against the insurer.

8. INSURANCE, § 222*—*what constitutes mere representation as to value not avoiding fire policy.* The statement in an application for fire insurance that the property is "valued at" a certain sum may well be considered a statement of the amount at which the insured values the property, and as a mere representation the incorrectness of which will not avoid the contract unless made with knowledge of its falsity and with fraudulent intent.

9. INSURANCE, § 680*—*when misrepresentation of value question for jury.* The question as to whether statements of an insured as to the value of the insured property constituted a misrepresentation is for the jury.

10. INSURANCE, § 222*—*when misrepresentation as to value avoids policy.* A misrepresentation by an insured as to the value of the policy must, in order to avoid it, have been material and made wilfully and with knowledge that it was false.

11. INSTRUCTIONS, § 126*—*when refusal of abstract instruction proper.* It is not error to refuse to give an instruction which is

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

merely an abstract proposition and not in any way connected with the case.

12. INSTRUCTIONS, § 151*—*when refusal of covered instruction proper.* It is not error to refuse a party's request to give an instruction where its subject-matter is fully covered by another instruction given at his request.

13. PLEADING, § 248*—*when amendment of ad damnum proper.* It is not error to permit an amendment increasing the *ad damnum* at any time before judgment is entered.

14. INSURANCE, § 607*—*what proof required to show that plaintiff set fire to property.* To entitle an insurer to a verdict on the ground that the evidence shows that plaintiff had committed arson by setting fire to the property, the insurer must establish its case not merely by a greater weight of the evidence, but beyond a reasonable doubt.

15. ATTORNEY AND CLIENT—*when attorney should not act as counsel in case against client in another case.* Where the confidential relation of attorney and client has existed and the former has defended the client in a criminal trial, it is improper for him to act as counsel for one contesting an issue with the former client which grows out of the same transaction involved in the criminal trial, especially where establishing it involves practically establishing the truth of the same charge against which he defended the client.

TAYLOR, P. J., dissenting.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.