(No. 12312.—Judgment affirmed.)

WILLIAM C. HARTRAY, Admr. Plaintiff in Error, *vs.* THE CHICAGO RAILWAYS COMPANY, Defendant in Error.

*Opinion filed October 27, 1919—Rehearing denied Dec. 3, 1919.*

1. NEGLIGENCE—*when declaration does not state cause of action—verdict.* A declaration does not state a cause of action which fails to allege a fact the existence of which is necessary to entitle the plaintiff to recover, and the omission to allege such essential facts is not cured by verdict.

2. SAME—*time fixed for bringing statutory action for wrongful death is a condition of the liability.* Under the Injuries act the period of one year fixed for commencing an action for wrongful death is a condition of the liability and operates as a limitation of the liability itself and not of the remedy, alone, and the declaration must allege facts showing that the action is brought within the time prescribed by the statute.

3. ACTIONS AND DEFENSES—*plaintiff in a statutory action must bring himself within requirements of the act.* In a statutory action, where the right to sue is conditional, the plaintiff must bring himself clearly within the prescribed requirements necessary to confer the right of action.

CARTER, J., dissenting.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

C. HELMER JOHNSON, (JAMES D. POWER, of counsel,) for plaintiff in error.

CHARLES LEROY BROWN, (JOHN R. GUILLIAMS, and WEYMOUTH KIRKLAND, of counsel,) for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This cause comes to this court by writ of *certiorari* to the Appellate Court for the First District to review a judgment of that court reversing a judgment of the superior

court in an action on the case instituted by William C. Hartray, as administrator of the estate of Frank Jagielski, deceased, against the Chicago Railways Company to recover damages for the death of said Jagielski.

This suit was brought November 28, 1910, and the declaration alleged that the injury resulting in death occurred June 27, 1909. The declaration contains no allegation that the action was commenced within one year after the death of Jagielski nor was the date of his death averred. To this declaration defendant in error filed a plea of general issue. After verdict for plaintiff in error the defendant in error interposed a motion in arrest of judgment, which was overruled. It is contended by defendant in error that the declaration must show on its face that the action was brought within one year after the death, and that as this is an essential averment, the declaration states no cause of action.

A declaration which fails to allege a fact the existence of which is necessary to entitle the plaintiff to recover does not state a cause of action. (*Beveridge* v. *Illinois Fuel Co.* 283 Ill. 31; *Walters* v. *City of Ottawa,* 240 id. 259.) This suit was brought under the Injuries act, and the time fixed for commencing an action arising under that act is a condition of the liability and operates as a limitation of the liability itself and not of the remedy, alone. (*Carlin* v. *Peerless Gas Light Co.* 283 Ill. 142; *Goldstein* v. *Chicago City Railway Co.* 286 id. 297.) Since the right of action for death by wrongful act is wholly statutory and must be taken with all the conditions imposed upon it, the burden being upon plaintiff to bring himself within the requirements of the statute, it is almost universally held that a provision in the statute creating the right, requiring an action thereon to be brought within a specified time, is more than an ordinary statute of limitations and goes to the existence of the right itself. It is a condition attached to the right to sue at all. (*The Harrisburg,* 119 U. S. 199; *Bretthauer* v. *Jacobson,* 79 N. J. L. 223; *McRae* v. *New York, New*

*Haven and Hartford Railroad Co.* 199 Mass. 418; *Harwood* v. *Chicago, Rock Island and Pacific Railway Co.* 101 Kan. 215; 17 Corpus Juris, 1235; *DeMartino* v. *Sieman,* 90 Conn. 527.) It is a condition precedent to the right of recovery granted by this act that the action be brought within one year after the cause of action accrues. (*Gengo* v. *Mardis,* (Neb.) 170 N. W. Rep. 841.) In a statutory action like this, where the right is conditional, the plaintiff must bring himself clearly within the prescribed requirements necessary to confer the right of action. (*Sharp* v. *Sharp,* 213 Ill. 332; *Hamilton* v. *Hannibal and St. Joseph Railroad Co.* 39 Kan. 56.) Inasmuch, therefore, as the limitation of the time in which to sue is considered not merely of the remedy but of the right of action itself and the cause of action exists subject to the limitation, a declaration must allege or state facts showing that the action is brought within the time prescribed by the statute. (*Goldstein* v. *Chicago City Railway Co. supra; Chandler* v. *Chicago and Alton Railway Co.* 251 Mo. 592; *Gulledge* v. *Seaboard Air Line,* 147 N. C. 234.) Unlike the general Statute of Limitations, this special statute creating the right and giving the remedy does not merely confer the privilege upon the defendant to interpose a definite time limitation as a bar to the enforcement of a distinct and independent liability, but it defines and limits the existence of the right itself. In the one case the statute furnishes defendant with a technical defense to which he may resort or not, as he sees fit, while in the other it gives the plaintiff a right conditioned upon its enforcement within a definite time. Hence, while the defendant must plead the general Statute of Limitations or give notice by setting it out in a brief statement under the general issue in order to be protected by it, the reasoning that leads to that result as a matter of pleading has no application when, as in this case, the statute confers upon the plaintiff a peculiar right which, if not exercised, ceases to exist by its own limitation. *Poff* v. *New England Tele-*

*phone and Telegraph Co.* 72 N. H. 164; *Martin* v. *Pittsburgh Railways Co.* 227 Pa. 18.

The declaration in this case stated no cause of action, and where no cause of action is stated the omission to allege essential facts is not cured by verdict. *Sargent Co.* v. *Baublis,* 215 Ill. 428.

The superior court erred in denying the motion in arrest of judgment, and therefore the judgment of the Appellate Court is affirmed.          *Judgment affirmed.*

Mr. JUSTICE CARTER, dissenting.