Mary Burgiel, Appellant, v. Andrew Aniol, Appellee.

Gen. No. 25,096.

Assault and battery, § 17*—*when instruction is erroneous.* In an action to recover damages for personal injuries alleged to have been caused by defendant having violently assaulted, struck and kicked plaintiff, severely injuring her, it is error to give an instruction that plaintiff must prove her case beyond a reasonable doubt, as it is sufficient for her to prove it by a preponderance of the evidence.

Appeal from the Superior Court of Cook county; the Hon. Joseph B. David, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Reversed and remanded. Opinion filed July 7, 1920.

Henry N. Miller, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

PEDEN, KAHN & MURPHY, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against defendant to recover damages for personal injuries. There was a verdict and judgment in favor of defendant, to reverse which plaintiff prosecutes this appeal. The declaration which consisted of a single count alleged that defendant violently assaulted, struck and kicked plaintiff, severely injuring her.

The record discloses that plaintiff, on the evening of March 7, 1918, went to defendant's saloon in search of her husband who was there; that as she and her husband were leaving the saloon defendant came from behind the bar, told her to get out, and pushed and kicked her, as a result of which she was severely injured. There was evidence tending to sustain this version of the matter which was denied by defendant. He and other witnesses testified that he did not strike plaintiff, but that plaintiff attempted to strike him with a chair; that he ran away from her and that she struck and scratched him; that nobody kicked or struck plaintiff but that she fell down on the floor and some men who were in the saloon fell on her. So it appears that plaintiff was injured and the only point in controversy was whether defendant had struck and kicked her.

Complaint is made to the remarks of the court and to the fact that he unduly limited the cross-examination of the defendant, and that erroneous instructions were given. Since we have concluded that there must be a new trial, we will not discuss the evidence in detail, but we think the cross-examination was unduly limited. The case will be reversed for the reason that the court instructed the jury that plaintiff must prove her case beyond a reasonable doubt. We think this rule was not applicable to the instant case, but that

it was sufficient for her to prove her case by a preponderance of the evidence. This question, however, is not free from difficulty and the decisions in this State in our opinion are irreconcilable.

In cases brought to recover under fire insurance policies where one of the defenses interposed was that plaintiff had set fire to the property, it was held that as this charged plaintiff with the commission of a crime, it must be proved beyond a reasonable doubt. *Germania Fire Ins. Co. v. Klewer,* 129 Ill. 599; *McInturff v. Insurance Co. of North America,* 248 Ill. 92; *Cottam v. National Mut. Church Ins. Co.,* 209 Ill. App. 404. It has also been held that in disbarment proceedings where the information charges a crime, it must be proved beyond a reasonable doubt. *People v. Sullivan,* 218 Ill. 419; *People v. Olson,* 258 Ill. 283; *People v. Moseley,* 278 Ill. 377. In the *Klewer* case the court said: ''Where, in a civil action, a criminal act is charged, the authorities are in conflict upon the question whether the rule applicable to a criminal prosecution or that applicable to a civil suit should prevail in respect to the degree of proof required. In this State it has been held that where, in civil cases, a criminal offense is charged in the pleadings, such offense must be proved beyond a reasonable doubt.'' It will be noticed that the court makes no exception to any particular class of criminal cases.

In *Robinson v. Randall,* 82 Ill. 521, which was a suit brought against a liquor dealer for damages caused by selling strong liquor to one in the habit of getting intoxicated, it was held that plaintiff was not required to prove his case beyond a reasonable doubt, but only by a preponderance of the evidence. The court said (p. 522): ''Under our statute the sale of spirituous liquors, under certain circumstances, is a crime for which a party may be indicted, fined and imprisoned,'' and the court there in passing on the degree of proof required said (p. 523): ''This was not a criminal or

penal action but a civil action to recover damages, and the rule in relation to the proof in the former cases cannot control here.''

*Miller v. Balthasser*, 78 Ill. 302, was an action of trespass to recover damages for assault where it was claimed that defendant had raped plaintiff. In passing on the degree of proof necessary the court said (p. 305): ''It is said, where the offense charged is of so grave a character, more than a bare preponderance of the evidence should be required to warrant a verdict. This is not, however, a criminal or penal action, but is merely a civil action, brought to recover damages for personal injury. The judgment involves neither the life nor liberty of the defendant, and we are aware of no authority that would require the plaintiff to establish her cause of action by more than a preponderance of the evidence. The rule that obtains in criminal cases has no application to this.''

In *Flannery v. People,* 225 Ill. 62, which was a contempt proceeding for the violation of a writ of injunction issued in a labor case, it was contended that before Flannery and others could be found guilty of contempt, their guilt must be established beyond a reasonable doubt. This contention was denied, and it was held that this rule applied in civil cases only where a crime is charged in the pleadings as the foundation for the civil action. The court there said (p. 70): ''It also seems to be the recognized rule, at least in this State, that although an act charged in the pleadings might be a crime or criminal in its nature, yet unless charged as a crime, the rules of evidence applicable to civil cases would apply. * * * Their acts may have been criminal—that is, the entering into a conspiracy might be a crime indictable and punishable as such—but they could not be punished for the commission of a crime in this proceeding except in so far as they violated the injunction.'' Continuing, the court quoted with approval from the case of *Grimes*

*v. Hilliary,* 150 Ill. 141, as follows: "It does not follow that because an element may have entered into the act which would have rendered it indictable as a crime, but which is not alleged or necessary to be proved to authorize a recovery in a civil action, the proof must be made beyond a reasonable doubt."

*Woods v. Dailey,* 211 Ill. 495, was an action to recover damages for a violation of the Dramshop Act. The contention that plaintiff must prove her case beyond a reasonable doubt was denied, and it was held that a preponderance was sufficient. The court there said (p. 496): "This is an action to recover damages and not to recover a fine or penalty (*Robinson v. Randall,* 82 Ill. 521), and this court, in that class of cases, has uniformly approved instructions which have informed the jury that plaintiff need only establish his case by a preponderance of the evidence."

*Guthrie v. Empire Coal Co.,* 150 Ill. App. 530, was an action brought to recover damages for personal injuries claimed to have resulted from a wilful violation of the Mines and Miners' Act by the defendant coal company. Section 33 of that act (J. & A. ¶ 7503) provides that a wilful violation of the act by a coal mine operator renders such operator guilty of a misdemeanor, and he may be punished by fine or imprisonment in the penitentiary or both. The court instructed the jury that plaintiff was not required to prove his case beyond a reasonable doubt, but that a preponderance was sufficient. It is there said (p. 536): "Appellant contends that this was error and relies upon *People v. Sullivan,* 218 Ill. 419. * * * The *Sullivan* case was a prosecution by information to enforce the penalty of a violation of sections 33 and 272 of the Criminal Code (J. & A. ¶¶ 3519, 3964). While our attention has not been called to a case where this precise question has been decided, we feel compelled to be controlled by the rule announced in *Woods v. Dailey,* 211 Ill. 495." The court then quotes from the

*Barnes* case, 82 Ill. 228, the *Robinson* case, 82 Ill. 521, and the *Miller* case, 78 Ill. 302, and continuing said (p. 537): "The suit at bar is to recover damages for personal injuries resulting from a wilful violation of a provision of the Mines and Miners' Act, and is not a criminal or penal action to recover or enforce a penalty for its violation, and the *Sullivan* case is not in point."

In *Pley v. Lavette,* 167 Ill. App. 494, which was an action of trespass to recover damages which resulted from plaintiff being shot by defendant, it was held that since the pleadings did not specifically charge a criminal offense, plaintiff was not required to prove his case beyond a reasonable doubt, but that a preponderance was sufficient.

*Arnold v. Dodson,* 193 Ill. App. 62, was a suit to recover damages which plaintiff claimed to have suffered by reason of the defendant's fraudulently selling to her certain stock in a corporation. The court said (p. 71): "Plaintiff was required to prove her case by a preponderance of the evidence, and the instruction to that effect was proper. This is not a criminal case, and proof beyond a reasonable doubt was not required. *Grimes v. Hilliary,* 150 Ill. 141; *Flannery v. People,* 225 Ill. 62; *People v. Sullivan,* 218 Ill. 419."

In *Glascock v. Gerold,* 199 Ill. App. 134, where plaintiff brought suit to recover damages for personal injuries sustained by him by being struck with a brick thrown by defendant, the court held that in civil actions for assault and battery plaintiff need only prove his case by a preponderance of the evidence.

In *Solomon v. Buechele,* 119 Ill. App. 595, where plaintiff claimed he had been assaulted by being hit on the head with a stone thrown by defendant, the court held that a preponderance of the evidence was sufficient to warrant a verdict for the plaintiff. It was there contended that since the defendant was charged with assault and battery, which was a criminal offense

under the law of this State, plaintiff was required to prove his case beyond a reasonable doubt. This contention was denied. The court there discussed the authorities at length, and pointed out that in this State the rule in civil cases where a crime is charged in the pleadings, that plaintiff must prove his case beyond a reasonable doubt was limited to such cases as charged infamous crimes, such as perjury, arson, larceny and the like. The court said (p. 602): "We are not disposed to extend the rule further than it has ever been applied in Illinois and enforce it in a case in which no felony or infamous crime is charged."

The instant case was not a criminal or penal action but a civil action to recover damages, and as was said in *Miller v. Balthasser*: "The judgment involved neither the life nor liberty of the defendant, and we are aware of no authority that would require plaintiff to establish her cause of action by more than a preponderance of the evidence. The rule that obtains in criminal cases has no application to this."

The instruction was erroneous and since we are unable to agree with defendant's contention, viz., that even if it was erroneous it worked no harm as no other verdict could be sustained, the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

TAYLOR, P. J. and THOMSON, J., concur.