## James F. Bishop, Administrator, Defendant in Error, v. Patrick Dignan, Plaintiff in Error.

### Gen. No. 26,319.

1. DEATH—*allegation in action for wrongful death as to date of death.* Although it is the law that, in actions brought under the Injuries Act (Cahill's Ill. St. ch. 70, ¶¶ 1, 2), the date of the death of the decedent must be shown to state a cause of action, such date may be alleged under a *videlicet;* but in testing the sufficiency of the declaration the time stated, although laid under a *videlicet,* must be taken as the true date.

2. PLEADING—*cure by verdict of defect in declaration in action for wrongful death.* The point that the date of the death of the decedent must be shown in the declaration in an action under the Injuries Act (Cahill's Ill. St. ch. 70, ¶¶ 1, 2), in order to state a cause of action, was not tenable because such a defect is cured by verdict.

3. APPEAL AND ERROR—*when question of error in refusing instruction cannot be considered.* Instructions have no place in the common-law record and can only be made part of the record by being incorporated in a bill of exceptions certified to by the trial judge, and therefore where there was no bill of exceptions in the action in question brought under the Injuries Act (Cahill's Ill. St. ch. 70, ¶¶ 1, 2), but some of the instructions had been copied into the common-law record, the point that the court erred in refusing an instruction offered by defendant, to the effect that before plaintiff could recover he was required to prove his case beyond a reasonable doubt, could not be considered.

Bishop v. Dignan, 223 Ill. App. 178.

Error to the Circuit Court of Cook county; the Hon. Oscar M. Torrison, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed December 21, 1921.

Bates, Hicks & Folonie, for plaintiff in error.

Hope Thompson, for defendant in error; William A. Cannon, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff, as administrator of the estate of George H. Hammond, deceased, brought suit under the Injuries Act against defendant to recover damages for the wrongful death of the deceased. There was a verdict and judgment in plaintiff's favor for $5,000, to reverse which defendant has prosecuted this writ of error.

The first point made is that the declaration does not state a cause of action and, therefore, the judgment cannot stand. In each of the three counts it is alleged that "on to wit: the 24th day of June, A. D. 1914" the defendant wrongfully killed the deceased by shooting him with a pistol or revolver, and it is argued that this being a statutory action the specific date of the death must be averred and that this was not done, since the date was laid under a *videlicet*. It is the law that in an action brought under the Injuries Act the declaration must show the date of the death of the deceased, and unless this is shown it does not state a cause of action. *Hartray v. Chicago Rys. Co.*, 290 Ill. 85. But it by no means follows that this date may not be alleged under a *videlicet*. Where the time is material, it does not become immaterial by being alleged under a *videlicet*. Where the exact date is immaterial, but it is not alleged under a *videlicet*, if traversed, it must be proved as alleged. 1 Chitty on

Pleading, 317 (9th Amer. Ed.); Stephen on Pleading (Andrew's), sec. 194, p. 382 (2nd Ed.). Chitty in his great classic on Pleading, says: "It is clear that when the matter alleged is *material* and traversable, and must be stated with exactness and certainty, the statement of such matter under a *videlicet* will not avoid the consequences of a variance or repugnancy if the matter be misstated, and there would be a fatal variance in the absence of the *videlicet;* and this whether the matter be the consideration or promise in the case of a contract, or be time or place, when material, or relate to other subjects. Thus, when it is necessary to state the grant of letters of administration to a plaintiff suing as administrator, if the *date* of the grant, though laid under a *scilicet,* be incorrectly stated to have been on a day *subsequent* to the date of the alleged promise to the intestate, it will be bad on *special demurrer,* although preceded with the words, that after the death of the intestate, to wit, on such *repugnant* day, the letters were granted. In stating *such* matter, therefore, the *videlicet* is useless to avoid a variance; and although it be used, the averment is considered positive, direct and traversable.

"It is laid down by very great authority, that 'on the other hand the *want* of a *videlicet* will in some cases make an averment material that would not otherwise be so; as if a thing which is not material be positively averred *without* a *videlicet,* though it were not necessary to be so, yet it is thereby made material and must be proved: therefore where a party does not mean to be concluded by a precise sum or day stated, he ought to plead it under a *videlicet;* for if he do not, he will be bound to prove the exact sum or day laid, it being a settled distinction, that where any thing which is not material is laid under a *videlicet,* the party is not concluded by it, but he is where there is no *videlicet.'* * * * A *videlicet* will not

avoid a variance in an allegation of material matter.''
And although in the instant case the proof on the
trial need not show that the deceased was killed on
June 24, 1914, at the farthest the evidence could not
show that the deceased was killed prior to May 28,
1914, because the suit was brought on May 28, 1915,
and if the proof showed that the death occurred more
than a year prior to the date of filing of the suit, such
showing would, of course, defeat the action.   The rec-
ord must show that the suit was brought within one
year after the death.   *Hartray v. Chicago Rys. Co.,
supra.*   But in testing the sufficiency of the declara-
tion, the time stated, June 24, 1914, although laid un-
der a *videlicet,* must be taken as the true date.   *Dreyer
v. People,* 176 Ill. 590; *People v. Weinstein,* 255 Ill.
530; *Whitaker v. Harold,* 11 A. & E. (N. S.) 163 (83
E. C. L.); 19 Encyc. of Pl. & Pr. 256.   In the *Dreyer*
and *Weinstein* cases it was held that although the in-
dictments charged the offenses to have been committed
on certain dates, yet it was not necessary to prove
that the offenses were committed on the precise dates
mentioned, but that it was sufficient if the evidence
showed that they were committed at any time prior to
the dates alleged and within the period prescribed by
the statute of limitations.   In the *Weinstein* case the
court said (p. 531): ''At common law an indictment
must charge the offense to have been committed on a
day certain though it was not necessary to sustain the
precise allegation by proof, provided the time stated
was previous to the finding of the indictment,   *   *   *
and the rule has not been changed in this State.   At
the trial the date averred means any time within the
statute of limitations, but in determining the suffi-
ciency of the indictment the date alleged must be taken
as the true one.   (*Dreyer v. People,* 176 Ill. 590.)   If
the date stated is beyond the statute of limitations the
indictment is bad and will be quashed.   *   *   *   If the
offense is laid on an uncertain or impossible day, or

on a future day, the objection is fatal, even in arrest of judgment.'' While these were criminal cases and while the dates mentioned in the indictments were not laid under a *videlicet*, we think the reasoning applies here because counsel, in their argument, point out that it must appear that the deceased was killed within a year prior to the beginning of the ,suit. This makes the time material, and for the purpose of determining the sufficiency of the declaration the date alleged must be taken as the true date. It being material in this respect, it cannot be rendered immaterial by alleging it under a *videlicet*. In support of counsel's contention they cite the cases of *Rose v. Mutual Life Ins. Co.*, 144 Ill. App. 434; *Illinois Midland Ry. Co. v. Farmers State Bank of Newark*, 200 Ill. App. 591, and other Appellate Court cases. The *Rose* case was an action on an insurance policy which was dated May 23, 1904, and it was alleged in the declaration that the policy was issued and delivered "on, to wit: July 17th, 1904." It was contended that the policy became effective on the latter date. The Appellate Court quoted the rule laid down in Chitty, *supra,* and held that under the allegation of the declaration quoted plaintiff would not be required to prove that the policy was issued and delivered on July 17, and further held that in the absence of a positive averment of a specific date when the policy was delivered and became effective, it must be presumed that it was in force on the day of its date, May 23, 1904. This case was affirmed by our Supreme Court on other grounds in 240 Ill. 45, and in its opinion the court treated the allegation that the policy was in effect July 17, 1904, as a positive one, no mention being made of the *videlicet*. In the *Illinois Midland Ry. Co.* case the court was construing section 18 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 18) which provides that a *chose in action* may be assigned and suit brought in the name of the assignee provided he is a *bona fide* owner, and he is required to state when and how he

acquired the title. The assignee there brought suit on a *chose in action* and alleged the time when he acquired it under a *videlicet.* The court, after holding that plaintiff had failed to comply in other respects with section 18, held in effect that a positive date must be stated, and the time could not be laid under a *videlicet.* Whether we agree with the application made in that case of the rule announced by Chitty it is unnecessary to state, but we are clear that in the case before us plaintiff might, as he did, allege the time of deceased's death under a *videlicet,* for it would be a manifest injustice and one not required by the law to hold that plaintiff was required to allege a specific date and then hold that there was a fatal variance should the evidence show that the death occurred on the day previous. We think the rule does not go so far. Another reason why the point is untenable is that any defect, such as the one claimed, is cured by verdict. 1 Chitty on Pleading, 673; *Sargent Co. v. Baublis,* 215 Ill. 430; *Walters v. City of Ottawa,* 240 Ill. 259.

(2) It is next contended that the court erred in refusing an instruction offered on behalf of defendant to the effect that before plaintiff could recover he was required to prove his case beyond a reasonable doubt. There is no bill of exceptions in the record but the clerk has copied some of the instructions into the common-law record. In these circumstances we cannot consider the point made. The instructions can only be made part of the record by being incorporated in a bill of exceptions certified to by the trial judge. *Drew v. Beall,* 62 Ill. 164. Moreover, the rule of law sought to be announced in the instruction is wrong. *Burgiel v. Aniol,* 218 Ill. App. 466.

The judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

THOMSON and TAYLOR, JJ., concur.