Bertha Zister, Administratrix of the Estate of Anthony M. Zister, Deceased, Appellant, v. William E. Pollack et al., Appellees.

Gen. No. 35,053.

Opinion filed June 22, 1931.

CROWE, GORMAN & SAVAGE, for appellant.

JOHN A. BLOOMINGSTON, for certain appellees; ESSINGTON & McKIBBIN, for certain other appellees; HAMILTON K. BEEBE, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal plaintiff seeks to reverse a judgment of the circuit court of Cook county dismissing his suit at his costs on the ground that the original declaration did not state a cause of action and that the cause of action stated in plaintiff's amended declaration was barred because more than one year had elapsed since the death of the deceased. The action was brought under the Injuries Act to recover damages claimed to have been sustained by the heirs at law of Anthony M. Zister, deceased, whose death, it was alleged, was caused by the negligence of the defendants.

The suit was commenced February 21, 1930, and the declaration, which was filed April 10, 1930, was in three counts. The allegations of the declaration, so far as it is necessary to state them, are that Anthony M. Zister, the deceased, "on to-wit, February 16, A. D. 1929," through the negligence of the defendants in operating two automobiles on streets in Chicago, was struck by the automobiles with great force and violence "and thereby the said Anthony M. Zister was then and there thrown with great force and violence to and upon the ground there, and was thereby then and there killed," and that he left him surviving certain heirs. At the conclusion of the third count it was alleged, "To the damage of the plaintiff, as administratrix, as aforesaid, of Ten Thousand Dollars ($10,000), and therefore she brings her suit within one year from the date of death of Plaintiff's intestate."

To the declaration the defendants filed pleas of (1) the general issue, (2) nonownership and operation of the automobiles, and (3) the statute of limitations of one year. Afterwards on June 25, 1930, plaintiff, by leave of court, filed her amended declaration in which the allegations were substantially the same as in the original declaration, except that in the amended declaration it was alleged that plaintiff died February 24, 1929, as the result of the injuries which he sustained February 16, 1929. In each of the counts it was alleged that, "And this suit is brought within one year from the death of deceased."

To the amended declaration the defendants again pleaded (1) the general issue, (2) nonownership and operation of the automobiles, and (3) that the cause of action set up in the amended declaration did not accrue within one year after the death of Anthony M. Zister. To the first and second pleas plaintiff filed a similiter and a replication to the plea on the statute of limitations, traversing the averments of the plea.

January 15, 1931, the bill of exceptions states the cause came on for hearing before a judge and a jury, and it was stipulated by the parties that "Anthony M. Zister was injured on February 16, 1929, and died as the result of said accident and injury on the 24th day of February, 1929, and that on the 21st of February, 1930, the suit was commenced." With these facts agreed upon the questions whether the original declaration was wholly insufficient, and whether the cause set up in the amended declaration was barred by the statute of limitations, were submitted to the court and the finding of the court, in effect, was that plaintiff's original declaration was insufficient and it was stricken; and further, that the statute of limitations barred the cause of action asserted in the amended declaration. It appears that the procedure was anomalous, but the effect of the finding and judgment is that plaintiff could not recover if it had been proven that the accident resulted through the negligence of the defendants, and that the deceased was injured on February 16 and died on the 24th as a result of the injury; that with these facts proven the original declaration was insufficient to support a judgment. We think the ruling was wrong because any inconsistency in the allegations of the declaration as to whether plaintiff died on February 16, 1929, or within one year prior to the beginning of the suit, viz., February 21, 1930, would have been cured by verdict, the facts being as stipulated.

The right to recover for the wrongful death of a person, such as is the claim in the instant case, is wholly statutory. *Hartray v. Chicago Rys. Co.,* 290 Ill. 85. Section 2 of the Act, Cahill's St. ch. 70, ¶ 2, which creates the right, provides that "every such action shall be commenced within one year after the death of such person." And in the *Hartray* case it was held that this statute "is more than an ordinary statute of limitations and goes to the right to sue at

all." It was there further said (p. 87): "a declaration must allege or state facts showing that the action is brought within the time prescribed by the statute." In stating the facts in the *Hartray* case the court said: "This suit was brought November 28, 1910, and the declaration alleged that the injury resulting in death occurred June 27, 1909. The declaration contains no allegation that the action was commenced within one year after the death of Jagielski nor was the date of his death averred." It was there held that the court should have sustained defendant's motion in arrest of judgment because of the insufficiency of the declaration in that it failed to show that the suit was brought within a year after the death of the deceased. From the above quotation it is obvious that the declaration in the *Hartray* case was materially different from the declaration in the instant case. In that case the court said: "The declaration contains no allegation that the action was commenced within one year after the death of Jagielski nor was the date of his death averred," while in the instant case it is alleged that plaintiff brought "her suit within one year from the date of the death of plaintiff's intestate."

We think it is obvious that the declaration would have been sufficient after verdict. 1 Chitty's Pl. 673; *Sargent Co. v. Baublis,* 215 Ill. 428; *Walters v. City of Ottawa,* 240 Ill. 259; *Bishop v. Dignan,* 223 Ill. App. 178; although it is vulnerable to a special demurrer. The declaration having been merely defective, had it been tested by a special demurrer, it might be amended, as was done, after the statute had run without stating a different cause of action, and the statute of limitations would not be a bar. *Klawiter v. Jones,* 219 Ill. 626; *Eylenfeldt v. Ill. Steel Co.,* 165 Ill. 185; *Foster v. St. Luke's Hospital,* 191 Ill. 94.

In the *Walters* case, *supra,* in speaking of the rule of a pleading being aided by verdict, Mr. Justice Dunn,

in delivering the opinion of the court, said (p. 264):
''The rule as to aider by verdict is stated by Chitty as
follows: 'Where there is any defect, imperfection or
omission in any pleading, whether in substance or
form, which would have been a fatal objection upon
demurrer, yet if the issue joined be such as necessarily
required, on the trial, proof of the facts so defectively
or imperfectly stated or omitted, and without which it
is not to be presumed that either the judge would
direct the jury to give, or the jury would have given,
the verdict, such defect, imperfection or omission is
cured by verdict. The expression ''cured by verdict''
signifies that the court will, after a verdict, presume or
intend that the particular thing which appears to be
defectively or imperfectly stated or omitted in the
pleading was duly proved at the trial. And such in-
tendment must arise not merely from the verdict, but
from the united effect of the verdict and the issue upon
which such verdict was given. On the one hand the
particular thing which is presumed to have been
proved must always be such as can be implied from
the allegations on the record by fair and reasonable
intendment; and on the other hand, a verdict for the
party in whose favor such intendment is made is in-
dispensably necessary, for it is in consequence of such
verdict, and in support of it, that the court is induced
to put a liberal construction upon the allegations on
the record.' (1 Chitty's Pl. 673.)''

In the instant case the facts as stipulated show that
Anthony M. Zister died on February 24, 1929, as a
result of the injuries received on the 16th of February,
and that the suit was commenced February 21, 1930,
within one year from the death of the deceased. Any
defect or inconsistency in the allegations of the dec-
laration would have been cured by verdict and there-
fore the cause of action asserted in the amended dec-

laration, being the same cause of action defectively asserted in the original declaration, was not barred.

There is another reason why the judgment must be reversed, and that is that the amendment to the declaration setting up the specific date of the death of the deceased, although filed more than a year after the date of such death, related back to the date of the filing of the original pleading. Section 39, Cahill's St. ch. 110, ¶ 39. The legislature in 1929 amended section 39 of the Practice Act, which provided for amendments to pleadings by adding the following:

"Any amendment to any pleading shall be held to relate back to the date of filing the original pleading so amended, and the cause of action or defense set up in the amended pleading shall not be barred by laches, or lapse of time under any statute prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleading that the cause of action asserted, or the defense interposed in the amended pleading grew out of the same transaction or occurrence, and is substantially the same as set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact, or some other matter or matters, which are necessary conditions precedent to the right of recovery or defense asserted when such conditions precedent have been in fact performed."

It will be noted that the amendment provides that where any pleading is amended, the amendment "shall be held to relate back to the date of the filing of the original pleading . . . and the cause of action . . . . set up in the amended pleading shall not be barred by . . . lapse of time under any statute prescribing or *limiting* the time within which an action may be

brought . . . if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleading that the cause of action asserted, . . . in the amended pleading grew out of the same transaction or occurrence, and is substantially the same as set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact.''

In the instant case, if we assume that the original declaration did not state a cause of action because it failed to specifically allege the date of the death of the deceased, so that it did not appear that the suit was brought within a year after the death of Anthony M. Zister, yet we are of the opinion that this defect might be cured after the expiration of one year by virtue of this amendment. At most, the original declaration was defective in that it failed to allege ''the existence of some fact,'' viz.: the date of the death of the deceased. It is obvious that the ''cause of action asserted in the amended declaration grew out of the same transaction or occurrence and is substantially the same as set up in the original pleading.'' The cause of action asserted in both the original and amended declaration was to recover damages on account of the claimed negligence of the defendants in striking Anthony M. Zister on February 16, 1929, as a result of which he died. The time and place of the accident are particularly pointed out in both pleadings. The only allegation claimed to have been omitted in the original declaration was the date of the death of the deceased. It is clear that the cause of action asserted in both pleadings is one and the same and not different causes of action.

We think it equally plain that the legislature, in passing the amendment to section 39, had in mind a situation such as is involved in the instant case, where,

through inadvertence of counsel, some allegation had been omitted which in no way affected the existing facts or merits of the cause asserted. This is shown by the whole amendment and particularly does it appear that the legislators had in mind an action to recover for the wrongful death under chapter 70, because it is specifically stated that the statute applies to causes of action which must be brought within a limited time, showing clearly that they had in mind the holding of our Supreme Court in the *Hartray* case, *supra*,—that, under chapter 70, the right to bring the action was limited to one year after the date of the death. To hold here that the amendment did not accomplish this object would in effect be holding that the legislature accomplished nothing by the passing of the amendment but a mere idle gesture.

Under a long and well established rule of law "we are bound, if possible, to give it (an act of the legislature) effect *ut res magis valeat quam pereat.*" *Unity v. Burrage,* 103 U. S. 447. As stated in *Spicer v. Spicer,* 249 Mo. 582–599, "Whenever consistent with reason, that construction which will make the statute operative should be applied. 'It is a cardinal rule that all statutes are to be so construed as to sustain rather than ignore or defeat them, to give them operation if the language will permit, instead of treating them as meaningless.' (2 Lewis Sutherland on Stat. Construction, 2 ed., sec. 498)." The cardinal rule of construing statutes is to ascertain the intention of the legislature. *Hoyne v. Danisch,* 264 Ill. 467; *People v. Camargo School Dist.,* 313 Ill. 321; *Ketcham v. Board of Education,* 324 Ill. 314.

In the *Hoyne* case the court said (p. 483): "The intention of the law-makers is the law. This intention is to be gathered from the necessity or reason of the enactment and the meaning of the words, enlarged or restricted according to their real intent. (*Cruse v.*

*Aden,* 127 Ill. 231.) In determining the meaning of a statute the court will always have regard to existing circumstances, contemporaneous conditions, the objects sought to be attained by the statute and the necessity or want of necessity for its adoption. (*People v. Kipley,* 171 Ill. 44.) In seeking for such an intention we are to consider the language used by the legislature, the evil to be remedied and the object to be attained. (*Hogan v. Akin,* 181 Ill. 448.) In construing a statute the courts are not confined to the literal meaning of the words. A thing within the intention is regarded within the statute though not within the letter. A thing within the letter is not within the statute if not within the intention. When the intention can be collected from the statute, words may be modified or altered so as to obviate all inconsistency with such intention. (*Krome v. Halbert,* 263 Ill. 172.) It is a well established rule in construing statutes, that when great inconvenience or absurd consequences will result from a particular construction, that construction should be avoided, unless the meaning of the legislature be so plain and manifest that avoidance is impossible."

Prior to the enactment of the amendment to section 39, there were many pitfalls that were fatal to a plaintiff should his counsel fail to allege in his declaration all essential facts and should the time limited within which an action must be brought have expired before the omission had been discovered. And such omissions in most cases do not prejudicially affect the defendant in the filing of his pleading or the making of his defense. It was to obviate and remove these pitfalls that the Legislature enacted the amendment. With this construction, effect will be given to the enactment.

*New York Cent. & H. R. R. Co. v. Kinney,* 260 U. S. 340, was an action to recover damages for personal in-

juries, and a considerable period of time after the statute of limitations would have barred such action, plaintiff amended his declaration or complaint by alleging that at the time of the railroad collision the parties were engaged in interstate commerce, and it was contended that this amendment stated a new cause of action which was barred by the statute of limitations. The contention was denied. Mr. Justice Holmes, in delivering the opinion of the court, said (p. 346): "The amendment 'merely expanded or amplified what was alleged in support of the cause of action already asserted . . . and was not affected by the intervening lapse of time.' *Seaboard Air Line Ry. Co. v. Renn,* 241 U. S. 290, 293. 'The facts constituting the tort were the same, whichever law gave them that effect.' . . . Of course, an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

We think the liberal rule mentioned by Mr. Justice Holmes should be applied in the instant case. See also *Barnes v. Cudahy Packing Co.,* 228 Ill. App. 490.

The construction to be placed on the amendment of section 39 has not been passed upon by our Supreme Court, but the question was considered by another division of this court in *Hanley v. Waters,* 255 Ill. App. 239. In that case an action was brought on September 24, 1926, to recover for the wrongful death of an eight-year-old boy who, it was alleged, was struck and killed October 27, 1925, through the negligent operation of an automobile by the defendant. There was no allegation in the declaration that the deceased left any surviving heirs or next of kin. About two years after the death of the boy the declaration was

amended by alleging that the deceased left him surviving his father, mother and brother. The case was tried; there was a verdict and judgment in plaintiff's favor for $10,000 entered March 5, 1929, and a writ of error was sued out of this court prior to July 1, 1929, when the amendment to section 39 went into effect. It was held that the Act did not apply to the case because it had been disposed of before the amendment was enacted. The court, however, discussed the meaning of the amendment and held that the statute permitted amendments to a declaration only to cure a mere defect in the declaration; that unless the declaration stated a cause of action prior to the running of the statute, the amendment to section 39 was ineffective. The court, after quoting the amendment, said (p. 244) : "It will be noticed that the amendment is to be applicable 'if it shall appear from the original and amended pleading that the cause of action asserted . . . in the amended pleading grew out of the same transaction or occurrence, and is *substantially the same* as set up in the original pleading.' But in the original declaration in the present case no cause of action was asserted because essential facts (viz., that deceased had left him surviving next of kin who had suffered pecuniary loss because of the death) were not alleged. And, hence, we do not think that the cause of action asserted in the amended declaration can be considered as being *substantially* the same as that stated in the original declaration. There is in the amendment the further clause, viz., 'even though the original pleading was *defective* in that it failed to allege the performance of some act or the existence of some fact, or some other matter or matters, which are necessary conditions precedent to the right of recovery . . . when such conditions precedent have been in fact performed.' But we think that plaintiff's failure to allege in the original declaration

the fact of the survival of next of kin, etc., amounted to more than a mere defect in the pleading.''

It has long been the settled law of this State that a ''mere defect in the pleading'' might be amended after the statute of limitations had run, without affecting the plaintiff's right to recover. *Klawiter v. Jones,* 219 Ill. 626. So that the amendment as construed in the *Hanley* case would be ineffective and meaningless,—which construction we think ought not be adopted unless there is compelling reason for doing· so. We are of the opinion that in any view of the case, the amendment to the declaration was authorized by the amendment of section 39 of the Practice Act, Cahill's St. ch. 110, ¶ 39, and therefore plaintiff's right to maintain her action was not barred.

The judgment of the circuit court of Cook county is reversed and the cause remanded.

*Reversed and remanded.* ·

MATCHETT and McSURELY, JJ., concur.