## George W. Barnes, Plaintiff in Error, v. Cudahy Packing Company, Defendant in Error.

### Gen. No. 27,108.

LIMITATIONS OF ACTIONS—*when amendment to declaration in negligence is not barred.* A declaration for damages for injuries sustained by a railroad employee while switching defendant's cars in its yards, which alleges that on a specified date the railroad company was switching defendant's cars over the latter's tracks and while plaintiff was in the exercise of ordinary care for his own safety and while he was at work switching one of defendant's cars, defendant negligently and carelessly placed an obstruction across the track and that plaintiff was crushed between the obstruction and the car on which he was working, sufficiently alleges that the obstruction was placed while plaintiff was so working and states a cause of action; and an amendment thereto restating the original cause of action, filed more than two years after the injury was received, is not barred by the statute of limitations.

Error by defendant to the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Reversed and remanded with directions. Opinion filed April 11, 1923.

E. Leslie Cole, for plaintiff in error; W. D. Elmer, of counsel.

R. B. Webster, for defendant in error.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover damages for personal injuries. An amended declaration was filed more than two years after plaintiff was injured, to which the defendant interposed a plea of the statute of limitations. Plaintiff demurred to this plea but the demurrer was overruled, and he having elected to stand by the demurrer, his suit was dismissed, to reverse which he prosecutes this writ of error.

The record discloses that plaintiff filed his declaration November 13, 1919; that a summons was issued and served on the defendant October 4, 1919. For some reason the defendant failed to appear, but on November 22, 1920, it filed its general demurrer which was sustained on November 27, 1920, and the plaintiff was given leave to file an amended declaration. The amended declaration was filed November 29, 1920. To this declaration defendant demurred and the demurrer was again sustained on December 18, 1920, and leave was again given plaintiff to file an amended declaration, which he did on December 24, 1920. A demurrer to this amended declaration was overruled and on January 12, 1921, the defendant filed a plea of the general issue and one of the statute of limitations. A demurrer interposed by plaintiff to the plea of the statute of limitations was overruled and the judgment sought to be reversed was entered.

Defendant's position is that the original declaration did not state a cause of action and since the amended declaration was filed after the statute of limitations had run, its plea was good and the demurrer properly sustained. On the other hand, plaintiff's contention is that the amended declaration introduced no new cause of action but merely restated in a different form the same cause of action. The question, therefore, for our determination is, did the original declaration state a cause of action? The original declaration alleged that on January 17, 1918, the plaintiff was in the employ of the Indiana Harbor Belt Railway Company, which company owned, operated and controlled a line of railroad running through Chicago, Cook County, Illinois, and into the State of Indiana; that the defendant owned and controlled certain packing houses in Chicago and in the conduct of its business used railroad cars and maintained and controlled certain railroad switches and sidings over which these cars moved; that the railroad company switched their cars over

the tracks of the defendant company in its yards at the defendant's request, and on January 17, 1918, the railroad company, for which plaintiff was working, was switching the defendant's cars over the latter's tracks, and "while the plaintiff was in the exercise of ordinary care for his own safety before and at the time the defendant Cudahy Packing Company placed an obstruction across the tracks upon which the plain- tiff was so at work switching one of said cars, so that by and through the carelessness and negligence of the defendant Cudahy Packing Company in obstructing and barricading and closing one of its tracks, the plaintiff, who was then and there on the rear of a cer- tain car in such switching operation, was pushed, crowded and crushed against said barricade and door and was greatly injured."

It is obvious that the original declaration might not well be used as a model in preparing common-law dec- larations for negligence. The objections made to this pleading by the defendant, as we understand them, are that it does not appear that the defendant breached any duty it owed to plaintiff; that it is not alleged "when the obstruction or barricade or closing of the track took place"; that it does not state whether de- fendant had a right to barricade or close the track; that for aught that appears it might have been closed or barricaded for a long period of time before the accident. We think none of the objections can be maintained. We are of the opinion that from a read- ing of the original declaration it appears that at the time the switching was being done the defendant ob- structed or barricaded the track against which bar- ricade plaintiff was thrown and injured. We think the allegations of the original declaration stated a cause of action. *New York Cent. & H. River Co. v. Kinney,* 43 Sup. Ct. 122. That was a suit for personal injuries brought against a railroad company. There were several trials and appeals, and seven and one-

Barnes v. Cudahy Packing Co., 228 Ill. App. 490.

half years after the suit was begun plaintiff amended his declaration or complaint by alleging that at the time of the collision the plaintiff and defendant were engaged in interstate commerce, and it was contended that this amendment stated a new cause of action which was barred by the statute of limitations. The Supreme Court of the United States denied the contention, and after discussing the authorities, said: "Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of the opinion that a liberal rule should be applied." The opinion in that case was rendered by Mr. Justice Holmes, who is recognized as an eminent authority on common-law pleading as evidenced by his many opinions and his work on the common law. In the instant case, the plaintiff, by his original declaration, was seeking to recover because of specified conduct of the defendant of which the defendant had notice, and, therefore, the reasons for applying the statute of limitations did not exist. In these circumstances, we think the liberal rule mentioned by Mr. Justice Holmes should be applied.

The judgment of the superior court of Cook county is reversed and the cause remanded with directions to sustain the demurrer to the plea of the statute of limitations.

*Reversed and remanded with directions.*

THOMSON, P. J., and TAYLOR, J., concur.